# DAVIS v. COOK.

1. A bill of exceptions will not be stricken out on the ground that the time to settle the same had expired, where the bill was served in time, and the judge extended time for settlement by an order reciting that such extension was for "good cause shown."

2. The trial judge may allow a bill of exceptions to be amended after it is submitted to him for settlement by inserting a specification of the particular errors relied on.

3. The action of the lower court in granting a motion for new trial on purely legal grounds may be reviewed on appeal, no question of judicial discretion being involved.

4. Under Comp. Laws, Sec. 4900, providing that, where defendant cannot be found in the state, and that fact appears by affidavit "to the satisfaction of the court," and it likewise appears that a cause of action exists, the court may order service by publication, etc., an affidavit reciting that deponent is plaintiff's attorney; that a cause of action exists in favor of plaintiff and against defendant, the grounds of which appear by the complaint annexed (such complaint being verified by the attorney on his "best knowledge, information, and belief"); that the complaint is true to the best knowledge, information, and belief of deponent; that defendant is not a resident of the state, but resides in the city of A., Minn., as deponent is informed by certain persons (naming them) who live there; that defendant, after due diligence, cannot be found within the state, he being now at A., Minn.; and that defendant has property in this state, which has been attached, etc.,—is sufficient to authorize an order for publication of the summons, when questioned on collateral attack of a judgment based on such service.

5. Though no separate affidavit appears in the record of an attachment suit against a non-resident defendant showing that copies of the summons and complaint were mailed to him, such fact is sufficiently shown in a collateral proceeding by the affidavit made by the attachment plaintiff on his application for judgment, and by a recital in the judgment.

(Opinion filed Nov. 20, 1896.)

Appeal from circuit court, Bon Homme county. Hon. E. G. SMITH, Judge.

Action to quiet title. The court directed a verdict for defendant, but thereafter granted plaintiff's motion for a new trial, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*J. D. Elliott, (Horner & Stewart* of counsel) for appellant.

A court can acquire competent jurisdiction only by the service of a summons in some of the modes prescribed by law. Waldron v. Railroad, 1 Dak. 352. The statutes prescribe the manner of service. §§ 4898 and 4900, Comp. Laws. Jurisdiction of absent defendants can only be acquired by complying strictly with the provisions of the statute. Cook v. Farmer, 12 Abb. Pr. 359; Beach v. Beach, 6 Dak 377. A judgment rendered by a court having jurisdiction neither of the parties nor of the subject matter of the suit, is void. Borden v. Fitch, 15 Johns. 121; Harris v. Hardeman, 14 How. 334; Hoffman v. Hoffman, 46 N. Y. 30; Beach v. Beach, *supra.* Statutory provisions as to substituted service of summons must be strictly pursued in order to acquire jurisdiction. Wortman v. Wortman, 17 Abb. 66; Ricketson v. Ricketson, 26 Cal. 149.

*W. T. Williams,* for respondent.

Where judgment is rendered on service by publication, defendant or his representatives may at any time within one year after notice, be allowed to defend against the judgment. § 4900, Comp. Laws, Subd. 5. See, also, Van Fleet on Col. Attack, §§ 1, 350 and 388; Quarl v. Abbott, 102 Ind. 233, 1 N. E. 476; Falls v. Darling, 82 Ill. 142, 195; Munch v. McLaren, 38 Pac. 205; North Pac. Cycle Co. v. Thomas, 38 Pac. 307. The affidavit was sufficient. Washburn v. Buchanan, 34 Pac. 1049; Kennedy v. Ins. & Trust Co., 101 N. Y. 487; McCracken v. Flannagan, 127 N. Y. 493; 24 Am. St. 481; Howe Mach. Co. v. Pettibone, 74 N. Y. 68; Carlton v. Carlton, 85 N. Y. 313; McDonald v. Cooper, 32 Fed. 745; Jerome v. Flagg, 1 N. Y. S 101; Hudson v. Kowing, 4 N. Y. St. Rep. 866; Lockwood v. Brantley, 31 Hun. 155; S. C. on appeal, 103 N. Y. 680. If the court or judge was vested with jurisdiction to pass upon the question of the sufficiency of the proof to show that due diligence had been used to find the defendant within the state, and that he could not there be found, neither the order or

judgment based thereon can be impeached collaterally. Belmont v. Cornen, 82 N. Y. 256; Ligare v. Railroad, 18 Pac. 777; Pettiford v. Zoellner, 8 N. W. 57; Sheldon v. Wright, 5 N. Y. 514; Porter v. Purdy, 29 N. Y. 106; Facy v. Fuller, 13 Mich. 527; Wall v. Trumbull, 16 Mich. 228. The fact of non-residence is evidence that defendant cannot be found within the state. Vernam v. Holbrook, 5 How. Pr. 3.

CORSON, P. J. This is an appeal from an order granting a new trial. The plaintiff brought the action to quiet the title to a tract of land in Bon Homme county. On the trial he sought to establish his title through attachment proceedings, judgment, and sale under execution, in an action in which H. D. Brown was plaintiff and one John Klemme was defendant, it being claimed that Klemme was the owner of the land at the time that action was instituted. No personal service of the summons was made upon Klemme in the attachment suit, and he did not appear in the action, but substituted service was made by the publication of the summons by order of the judge upon an affidavit hereafter considered. On the trial the record in the attachment suit and the proceedings had thereunder were offered in evidence by the plaintiff, and, upon objections by the defendant, were excluded. Plaintiff offering no further evidence, the court directed a verdict for the defendant. The plaintiff thereupon moved the court for a new trial upon the minutes of the court, stating as grounds therefor errors of law occurring at the trial in sustaining defendant's objections to the introduction of the record in the attachment suit. The respondent moved in this court to purge the record by striking out the bill of exceptions, for the reason that the court had no jurisdiction to settle the same as the time granted by the court for that purpose had expired; and for the further reason that the court allowed the bill to be amended by the defendant after the same was submitted to him for settlement. We are of the opinion that neither point is well taken. The

bill of exceptions was served within the time granted by the judge, and, though there was some ·delay in presenting the bill to the judge, it seems to have resulted from an oral stipulation between the parties. The time was extended by the jndge for the settlement of the bill, and in his order extending the time he recites that it was for "good cause shown." The case presents an entirely different question from that presented in Mc-Gillicuddy v. Morris (S. D.) 65 N. W. 14. In the latter case several months had elapsed after the time given had expired before any bill of exceptions was prepared and served, and no new time was fixed by the court for the settlement of the same upon "good cause shown."

The second position is equally untenable. The amendment proposed was to insert a specification of the particular errors relied upon in the bill of exceptions. This amendment was properly allowed. We are of the opinion that it is the duty of the trial judge to see that the specifications of the particular errors relied upon are contained in the bill of exceptions before he settles the same. Subdivisions 2, 3, § 5090, Comp. Laws. This specification is essential to enable the judge to properly settle the bill or statement, and have it contain only such matters as are necessary, and in order that he may eliminate all redundant and useless matter in the bill or statement.

The grounds for the motion for a new trial being purely legal grounds, and no question of judicial discretion being involved, this court will review the action of the trial court as one presenting a question of law only. Sandmeyer v. Insurance Co., 2 S. D. 346, 50 N. W. 353. The objections made to the introduction of the records are thus stated in the abstract: "The defendant thereupon objected to the introduction of the exhibit offered for the reason that it appears upon the face of the same that the court had no jurisdiction to issue the order of publication of summons for the reason that no acts of dilligence are alleged in the affidavit upon which the same was issued, * * * and for the further reason that there is no affidavit of the mail-

ing of a copy of the summons and complaint, and for the further reason that the facts alleged in the affidavit and complaint stating or purporting to state a cause of action against the defendant are not sworn to except upon information and belief, and no source of information or belief is alleged." The affidavit upon which the order of publication was granted was made by the attorney, who says "he is the attorney for the plaintiff in the above-entitled action; that a cause of action [exists] in favor of the above named plaintiff and against the above-named defendant, the grounds of which appear by the sworn complaint in this action, hereto annexed; [that] the statements contained therein are true to the best knowledge, information, and belief of this deponent; that the defendant, John P. Klemme, is not a resident of this state, but resides in the city of Albert Lea, in the state of Minnesota, as deponent is informed by one D. P. R. Hibbs, an attorney at law at Albert Lea, Minn., by letter, and also by H. D. Brown & Co., bankers at Albert Lea, Minn.; and that said defendant, after due dilligence, cannot be found within this state, he being now at Albert Lea, Minn.; that said defendant has property within this state, to-wit, a farm of 160 acres, with improvements, situated in Bon Homme county, South Dakota, * * * which said real estate has been attached by the plaintiff in this action under and by virtue of a warrant of attachment issued in this action."

The only questions presented for our determination, therefore, are: Was the affidavit sufficient to authorize the court to grant the order for the publication of the summons, when considered in a collateral proceeding? Did the failure of a record to contain an affidavit showing that a copy of the summons and complaint, addressed to the defendant at his place of residence at Albert Lee, Minn., had been deposited in the postoffice as required by the statute, render the proceedings void? Sec. 4900, Comp. Laws, provides that: "Where the person * * * cannot be found within the state, and that fact appears by affidavit, to the satisfaction of the court or judge there-

of, and it in like manner appears that a cause of action exists against the defendant, * * * such court or judge may grant an order that service be made by the publication of the summons * * * where the defendant is not a resident of this state, but has property therein, and the court has jurisdiction of the subject of the action." It will be observed that the facts must appear by affidavit to the satisfaction of the court or judge. The term "satisfaction" of the court or judge presupposes the exercise of judicial power on the part of.the court or judge. If, therefore, sufficient facts are stated to call into exercise the judicial mind of the court or judge, his judicial determination, however erroneous it may be, cannot be questioned in a collateral proceeding. It is only when the facts stated in the affidavit are insufficient to call into exercise the judicial power of the court that the judgment based upon such a service, made upon such an affidavit, will be held void; and it is only when the judgment is void that it can be attacked in a collateral proceeding by parties or strangers. Forbes v. Hyde, 31 Cal. 342; Staples v. Fairchild, 3 N. Y. 46; Miller v. Brinker-hoff, 4 Denio 119; Skinnion v. Kelly, 18 N. Y. 356; Fiske v. Anderson, 33 Barb. 74; Castellanos v. Jones, 5 N. Y. 167; *In re* Faulkner, 4 Hill, 601, 602.

The appellant contends that the affidavit as to the existence of a cause of action is insufficient in that in both the complaint and affidavit the facts stating a cause of action are stated to be true according to the affiant's information and belief. The verification of the complaint having been made by the attorney, and stating "that the same is true to his best knowledge, information, and belief," the language of Sec. 4922, where the veri-fication is made by any person other than the party we think it must be held sufficient. The complaint is made in express terms a part of the affidavit, and, being verified as provided by the statute, must be regarded as a verified complaint, and therefore showing that a cause of action existed at the time the action was commenced. The facts showing that the defendant

is not a resident of the state, and that he could not, after due diligence, be found within the state, present questions of more difficulty in their solution. It will be noticed that the deponent states that defendant, Klemme, "is not a resident of this state, but resides in the city of Albert Lea, in the state of Minnesota, as deponent is informed"; and he then states the sources of his information. This, coupled with the allegation, made positively, that said Klemme was at Albert Lea, Minn., would seem to be some evidence from which the court or judge might reasonably find that Klemme was not a resident of this state. The evidence was at least sufficient to call into exercise the judicial power of the court, and is, therefore, sufficient upon a collateral attack. The evidence as to due diligence is meager. It consists mainly in the statement of deponent that said defendant "cannot, after due diligence, be found within this state." But this statement is followed by the further statement, "he being now at Albert Lea, Minn." If the defendant was, as positively stated, in fact at Albert Lea at that time, he could not have been found in this state through any diligence that the plaintiff could have exercised. The further fact that the court was authorized to find from the affidavit that the defendant Klemme resided out of the state would furnish slight evidence, at least, that he would not be found within the state. While the affidavit is not entirely satisfactory, we are inclined to hold it sufficient to support the judgment against a collateral attack. In Bank v. Jacobson (S. D.) 66 N. W. 453, this court held an affidavit on a direct attack sufficient, which was quite similar to the one we are now considering. It is true that the affidavit in that case contained the positive statement that the deponent "knew of his own knowledge that the defendant removed from this state some two or three years prior to the making of the affidavit, with the intention of settling on the Pacific coast." But, while this makes the evidence more satisfactory as tending to prove that the defendant was not a resident of this state, and that he could not, after reason

able diligence, be found within the state, it does not, of itself, conclusively establish either fact, and therefore only constitutes evidence to be weighed by the court. The two cases, so far as jurisdiction is conferred upon the court or judge to act is concerned, are substantially alike. Belmont v. Cornen, 82 N. Y. 256; Pettiford v. Zoellner (Mic.) 8 N. W. 57; People v. Munroe (Cal.) 33 Pac. 778; Porter v. Purdy, 29 N. Y. 106; Facey v. Fuller, 13 Mich. 527; Wall v. Trumbull, 16 Mich. 228.

No separate affidavit appears in the record, showing that copies of the summons and complaint were mailed to the defendant in the attachment suit, but our attention is called by plaintiff's additional abstract to the affidavit made by the plaintiff on his application for judgment, in which appears the following: "That the summons was duly served by publication, and by mailing the same, with a copy of the complaint, as appears by the affidavit of * * * hereto annexed;" and also to the recital in the judgment, "And a copy of the summons and complaint having been duly mailed to said defendant, John P. Klemme, at Albert Lea, Minnesota." From this affidavit and recital in the judgment we think the court below was authorized to presume that the summons and complaint had been properly mailed to the defendant, and the proper affidavit made showing that fact. This court will therefore assume, for the purposes of this decision, that such an affidavit was originally among the files of that case, and that the court's recital was conclusive of the fact of such mailing in a collateral proceeding. These views lead to an affirmation of the order of the circuit court granting a new trial, and the same is affirmed.