## BOTHELL V. HOELLWARTH *et al.*

1. An affidavit for publication of summons, which states that the defendant "cannot after due diligence, be found within the state," and that defendants are not residents of the state, without stating the facts showing what efforts to find the defendants have been made, is insufficient.

2. When an affidavit for publication of summons is directly attacked by a motion in the case to vacate it, no presumptions can be indulged to sustain it.

(Opinion filed Feb. 16, 1898.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action to recover value of broker's services. Defendants moved to vacate and set aside the judgment, the order of publication, and all proceedings had in the action. The motion was granted, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*C. A. Christopherson,* for appellant.

The affidavit for publication of summons was sufficient. Comp. Laws, § 4900, Subd. 3; Bank v. Jacobson, 8 S. D. 292; 66 N. W. 453; Davis v. Cook, 9 S. D. 319; 69 N. W. 18; Anderson v. Goff, 75 Calif. 213, 13 Pac. 73; Handley v. Quick, 47 How. Pr. 233.

*T. B. McMartin,* for respondent.

The affidavit was insufficient. Ricketson v. Richardson, 26 Calif. 153; County of Yolo v. Knight, 70 Calif. 432; Rules, Shannon, C. J., 1 Dak. 480.

CORSON, P. J. This is an appeal from an order vacating and setting aside the judgment, the order of publication, and all proceedings had in the action. On November 6, 1896, the plaintiff issued a summons in the action, and caused a warrant of attachment to issue, under which property of the defendants in Minnehaha county was attached. On November 23rd the plaintiff presented to the circuit court an affidavit for an order

for the publication of the summons, the material parts of which, for the purposes of this decision, are as follows: "I, A. C. Bothell, being first duly sworn, do on oath depose and say that I am the plaintiff in the above entitled action; that the said defendants, Th. Hoellwarth and Bertha Hoellwarth, cannot, after due diligence, be found within the state of South Dakota; that the said defendants are absent from and are not residents of the said state of South Dakota, and do now reside at Greeley, in the state of Nebraska, and that said defendants cannot be served with a summons in this action in the state of South Dakota; * * * that said cause of action so exists against said defendants in favor of said plaintiff, as will more fully appear by the verified complaint of plaintiff, which is hereto annexed, and made a part hereof; that the said defendants are absent from, and not residents of, the state of South Dakota, but have property herein, and the court has jurisdiction of the subject of the action." The circuit court thereupon granted the order. The summons was not, in fact, published, but, in lieu of such publication, the same, with a copy of the complaint, was personally served upon the defendants in Greeley, Neb., on November 26th. Neither the complaint, affidavit, nor order of publication were filed until about the time the judgment was rendered, on January 2, 1897. On January 11th the defendants, appearing specially for that purpose, procured an order to show cause, why the judgment, affidavit, order for publication, and all proceedings in the case should not be vacated and set aside upon the grounds that the court had no jurisdiction of the action, "in that the affidavit of publication does not show any diligence to serve the same within the state, the order of publication is not entitled, and that the summons, complaint, and order were not filed until after the judgment herein was signed, and for other omissions and irregularities appearing upon the face of said papers." On the hearing the order to show cause was made absolute, and the order appealed from entered. The making of this order is assigned as error. Upon

which of the grounds stated the order of the court was made does not appear, and therefore, if properly made upon either of the grounds, it must be affirmed.

The respondents insist'that the affidavit upon which the order of publication was made is insufficient, in that it fails to show any proof of diligence on the part of the plaintiff to serve the defendants within the state. In this, we are' of the opinion, the respondents are correct. It will be observed that while the plaintiff states the defendants "cannot, after due diligence, be found within the state," he states no facts showing that any diligence has been used, or any honest effort made, to find them within the state. The plaintiff states, in the language of the statute, that after due diligence they cannot be found. This is not sufficient; the facts showing what efforts to find the defendants in the state have been made must be stated in the affidavit, that the court may judicially determine whether or not there has been proper diligence used. The motion in this case, being a direct attack upon the affidavit, no presumptions can be indulged to sustain it, as is done in cases of collateral attack, when there is sufficient stated to call into exercise the judicial mind. This distinction is drawn by this court in Davis v. Cook, 69 N. W. 18. When the affidavit for the order of publication is directly attacked by a motion to vacate or set aside the judgment, we think the rules laid down by the supreme court of California in Ricketson v. Richardson, 26 Cal. 153, and reaffirmed in Yolo Co. v. Knight, 70 Cal. 432, 11 Pac. 662, should be adopted in determining the sufficiency of the affidavit. In the former case Mr. Justice Sanderson states the rules as follows: "An affidavit which merely repeats the language or substance of the statute is not sufficient. Unavoidably, the statute cannot go into details, but is compelled to content itself with a statement of the ultimate facts, which must be made to appear, leaving the details to be supplied by the affidavit from the facts and circumstances of the particular case. Between the statute and the affidavit there is a relation

which is analogous to that existing between a pleading and the evidence which supports it. The ultimate facts of the statute must be proved, so to speak, by the affidavit, by showing the probatory facts upon which each ultimate fact depends. These ultimate facts are conclusions drawn from the existence of other facts, to disclose which is the special office of the affidavit. To illustrate: It is not sufficient to state generally that, after due diligence, the defendant cannot be found within the state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the acts constituting due diligence, or the facts showing that he is a necessary party, shall be stated. To hold that a bald repetition of the statute is sufficient, is to strip the court or judge to whom the application is made of all judicial functions, and allow the party himself to determine in his own way the existence of jurisdictional facts,—a practice too dangerous to the rights of defendants to admit of judicial sanction. The ultimate facts stated in the statute are to be found so to speak, by the court or judge, from the probatory facts stated in the affidavit before the order for publication can be legally entered." The rules laid down by Mr. Justice Shannon in 1 Dak. Append. 500, are based upon this decision, and this court, in effect, followed it in Bank v. Jacobson, 8 S. D, 292, 66 N. W. 453. The affidavit for the order of publication of the summons, being jurisdictional, should be prepared with great care and closely scrutinized by the court. The granting of the order is not a formal matter, but one requiring the exercise of the sound judicial judgment of the court as to the sufficiency of the facts stated, affecting. as the order often does, valuable property interests, or important personal rights. We are of the opinion that the affidavit in this case does not contain such a statement of the facts showing dilligence as a court should require before granting an order of publication, and that the court properly vacated and set aside the judgment and order. We do not deem it necessary to consider the other questions discussed in the briefs. The order of the circuit court is affirmed.