## PLUMMER v. BAIR *et al.*

Under Comp. Laws, § 4900, which provides that a summons may be served by publication when "the person on whom the service of the summons is to be made cannot, after due diligence, be found within the state" an affidivit, in an attachment suit, of plaintiff's attorney, which states "that he placed a summons in the hands of the sheriff for service; that the latter has made his return on the summons, showing that, after due and diligent seach and inquiry, he is unable to find the defendant, and has returned the same unserved"—is in sufficient to support an order for publication of the summons, as it does not show what efforts the sheriff made to find defendant, but merely expresses his opinion of his acts.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by S. H. Plummer against O. W. Bair and another. From an order dissolving an attachment, plaintiff appealed. Affirmed.

*John L. Pyle,* for appellant.

*L. W. Crofoot,* for respondents.

FULLER, J. On this appeal from an order dissolving an attachment, the sufficiency of the following affidavit, made the basis for an order by which publication of the summons was substituted for personal service, is the only point requiring attention: "That on October 28, 1897, I placed the summons herein in the hands of the sheriff of Beadle county for service, requesting him to make service upon the defendants, if they could be found in this county; that he has made his return, showing that, after due and diligent search and inquiry, he is unable to find the defendants, and has returned the summons to me unserved; that I have made inquiry of the different county officers and of John H. Miller and Ed. J. Miller, and of the sheriff of Beadle county, as to the residence and postoffice address of said defendants. I state, also, that a few days prior to October 28, 1897, and according to my best recollection, on October 25, 1897, I had a conversation with one of the defendants, O. W. Bair, in which he stated to me that his residence and postoffice address was Memphis, Tennessee, which information I believe to be true, and the parties of whom I made inquiry also informed me that they believed his residence and postoffice address is Memphis, Tennessee." Not being apprised of what the sheriff actually did in the way of an effort to find the defendants and obtain personal service of the summons, affiant's opinion that the return shows "due and diligent search and inquiry" amounts to a gratuitous assumption, without probative substance. In the absence of any facts tending to show that personal service could not be had not-

withstanding defendants are nonresidents, the reasonable inference deducible from affiant's conversation had with one of them about the time he placed the summons in the hands of the sheriff of Beadle county is that the meeting was had in this state, and the postoffice address of defendant ascertained to be Memphis, Tenn. The affidavit fails to contain any of the essential details from which the trial court could judicially determine the ultimate statutory fact that "the persons on whom the service of the summons is to be made cannot, after due diligence, be found within the state." Comp. Laws, § 4900. The case of Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231, is instructive, and decisive of this appeal. The order of publication being based upon an affidavit from which the jurisdictional fact that defendants, after due diligence, cannot be found in this state, is not made to appear, it follows that the attachment must fall, and the order appealed from is affirmed.