## COUGHRAN v. MARKLEY *et ux.*

1. Under Comp. Laws, § 4900, providing that a summons may be served by publication when the person on whom the service is to be made cannot be found within the state, and that fact, together with the fact that a cause of action exists against defendant, appears by affidavit to the satisfaction of the court, the court's determination cannot be questioned on appeal where there are sufficient facts stated to call into exercise the judicial mind.

2. An affidavit of plaintiff's attorney that after a summons was delivered to the sheriff of the county where defendants formerly resided for service, and was returned without being served, affiant inquired of the plaintiff and certain persons, including such sheriff, who were acquainted with the defendants when they resided in that county, concerning their whereabouts, and was informed that they had removed from the county more than five years preceding the time of the inquiries, and that their whereabouts were unknown to the persons of whom he inquired, stated sufficient facts to call into exercise the judicial mind of the court, and hence will not be reviewed on appeal.

3. Such affidavit is not insufficient for not containing, a statement of facts showing that a cause of action existed against defendants, where the verified complaint stated a cause of action, and was made a part of the affidavit.

(Opinion filed July 10, 1901.)

Appeal from circuit court, Lincoln county. HON. JOSEPH W. JONES, Judge.

Action by E. W. Coughran against Michael M. Markley and wife to determine conflicting claims to realty. There was a judgment in favor of the plaintiff, and a motion by defendants to set it aside. From an order denying the motion, defendants appeal. Affirmed.

*H. H. Potter,* for appellants.

The affidavit upon which the order for publication of the summons in this case was made was insufficient to confer jurisdiction. Boethal v. Hoellwarth, 74 N. W. 231; Beach v. Beach, 43 N. W. 701; Richardson v. Richardson, 26 Cal. 153; Yolo Co. v. Knight, 11 Pac. 662; Swain v. Chase, 12 Cal. 283; Victor Mill Co. v. Justice, 18 Nev. 21.

*Bailey & Voorhees,* for respondent.

HANEY, J. In this action to determine conflicting claims to certain realty, the summons was served by publication, defendants did not appear, and judgment was rendered in favor of the plaintiff. Eight years later defendants moved to have the judgment set aside on the ground that it was rendered without jurisdiction, the motion was denied, and they appealed. The order directing service by publication was based upon the following affidavit, to which was attached, as a part thereof, a copy of the complaint: "C. O. Bailey, being first duly sworn, says: That he is one of the attorneys for the plaintiff in the above entitled action, and as such attorney has had charge of the proceedings in the said action on the part of the plaintiff therein. That the defendants above named, Michael M. Markley and Mrs. Michael M. Markley, his wife, cannot, after due diligence, be found within the state of South Dakota. That affiant, acting as attorney aforesaid, has made effort to ascertain the whereabouts and residence of the said defendants as fol-

lows: Of B. B. Night, the sheriff of said county; of Thomas Thorson and W. C. Soule, who have resided in said Lincoln county for more than ten years last past; of the plaintiff herein and various persons, who are old residents of said Lincoln county, and were acquainted with said defendants when they resided in said Lincoln county, and that a summons in said action was duly issued against the said defendants, and was placed in the hands of the sheriff of the said county of Lincoln for service upon the said defendants, and that said summons·was returned by the said sheriff with his indorsement thereon that the said defendants could not be found by him within the said county of Lincoln, which said summons, so indorsed as aforesaid, will be filed in the office of the clerk of the circuit court of the said county of Lincoln. That from the inquiries concerning said defendants, and the efforts made by affiant as aforesaid to ascertain the whereabouts and residence of the said defendants as aforesaid, affiant has ascertained that the said defendants removed from the.county of Lincoln over five years ago, but that their present place of residence is unknown, and that the place to which they removed is also unknown, and that they are, as deponent is informed and believes, nonresidents of the state of South Dakota. Affiant further says that a cause of action exists against the said defendants, and that they are proper parties to said action, and that said action is an action relating to real property in the said state of South Dakota, all of which will more fully appear from the complaint in said action, a true and correct copy whereof is hereto attached and made a part hereof, and that the relief demanded in the said complaint consists partly in excluding the said defendants from any· interest or lien in said real property."

It is contended by defendants that the court erred in denying defendants' motion, for the following reasons: "(1) Because the

affidavit on which said order of publication was based did not state sufficient facts to show that diligence had been used to obtain personal service of the summons on the defendants within the state. (2) Because said affidavit did not contain any statement of facts showing that a cause of action existed against defendants."

Where the subject of the action is real or personal property in this state, and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding the defendant from any interest or lien therein, and the defendant cannot, after due diligence be found within the state, and that fact appears by affidavit to the satisfaction of the court or a judge thereof, and it in like manner appears that a cause of action exists against the defendant, such court or judge may grant an order that the service be made by the publication of a summons. In case of publication, the court or judge must also direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the person to be served, at his place of residence, unless it appear that such residence is neither known to the party making the application, nor can with reasonable diligence be ascertained by him. When publication is ordered, personal service of a copy of the summons and complaint out of the state is equivalent to publication and deposit in the post office. Comp. Laws, § 4900. On the theory that the residence of the defendants was unknown, and could not with reasonable diligence be ascertained, copies of the summons and complaint were not directed to be deposited in the postoffice. Under such circumstances the probability of actual notice to defendants is so slight that justice demands a strict compliance with the statute. Judgments which exclude persons from any interest in or lien upon land should not be rendered without actual notice, when by the exercise of reason-

able diligence actual notice can be given. There should be either actual notice, or an honest and reasonable effort to give it. The statute contemplates, and trial judges should invariably require, that the party who institutes the suit shall in good faith make every reasonable effort to not only ascertain that the defendant cannot be served in the state, but to ascertain his whereabouts, in order that copies of the summons and complaint may reach him through the mails or otherwise. When such an effort has been made, competent evidence of what has been done should be presented to the court or judge by affidavit. Facts within the personal knowledge of the affiant, not conclusions, opinions, or beliefs, should be stated. It is not enough to state the ultimate fact in the language of the statute. Competent evidence should be produced by affidavit alone from which the court or judge can judicially determine whether reasonable diligence has been exercised. Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231; Territory v. Taylor, 1 Dak. 479, 482 Append. The statute on this subject is plain. Compliance with its provisions is not difficult. It is a serious matter to vacate judgments upon which substantial rights have been based in good faith, and it is equally serious to deprive persons of valuable property without notice. In every case involving the validity of orders for publication which has reached this court, all doubt might have been avoided by careful attention to the provisions and purpose of the statute. The practice rather than the law relating to orders for publication needs amendment in this state. The court below decided that reasonable diligence had been exercised to find the defendants. What constitutes reasonable diligence in any case of this character must depend upon its particular facts and circumstances. Whether in any case, every reasonable effort has been exhausted, is a question upon which equally qualified persons may honestly differ.

A showing satisfactory to one trial judge might be deemed inadequate by another, and wholly insufficient by an appellate tribunal. How, then, shall the action of the lower court be considered? Is it the sufficiency of t he evidence, or whether there was any legal evidence of diligence, which is to be determined by this court? Manifestly the answer to these inquiries depends upon the method pursued to vacate the judgment. On appeal from the order directing publication, or from the judgment founded thereon, the sufficiency of the evidence might be considered. Such was the case of Ricketson v. Richardson, 26 Cal. 149, frequently quoted in this jurisdiction. Davis v. Cook, 9 S. D. 319, 69 N. W. 18, was an action to quiet title, wherein the plaintiff sought to establish his title by a judgment rendered in another action, in which the summons was served by publication, and its validity was questioned by an objection to its introduction in evidence. There the attack was clearly collateral, and this court, after quoting from the statute relating to the publication of summons, employs the following language: "It will be observed that the facts must appear by affidavit to the satisfaction of the court or judge. The term 'satisfaction' of the court or judge presupposes the exercise of judicial power on the part of the court or judge. If, therefore, sufficient facts are stated to call into exercise the judicial mind of the court or judge, his judicial determination, however erroneous it may be, cannot be questioned in a collateral proceeding. It is only when the facts stated in the affidavit are insufficient to call into exercise the judicial power of the court that the judgment based upon such a service, made upon such an affidavit, will be held void, and it is only when the judgment is void that it can be attacked in a collateral proceeding by parties or strangers." In the case at bar the motion to vacate was made eight years after the judgment was rendered,

upon the sole ground that the court was without jurisdiction. Whether this be termed a direct or collateral attack, precisely the same question is involved that was involved in Davis v. Cook, namely, is the judgment void for want of jurisdiction? No appeal or proceedings to open the default or vacate on the ground of mistake, inadvertence, surprise, or excusable neglect having been taken during the periods prescribed by the statute (Comp. Laws, §§ 4900, 4939, ·5216), irregularities or errors which do not defeat the jurisdiction of the court cannot be considered. Therefore the question to be determined is not whether this court would, in the first instance have ordered the summons to be published upon the affidavit in this case, but whether such affidavit contains sufficient facts to call into exercise the judicial mind of the lower court. If so, its judicial determination, however, erroneous, cannot be questioned on this appeal.

It may have been assumed in former opinions of this court that the procedure followed in this case should be regarded as a direct attack, governed by different rules than those applicable to collateral proceedings; but it will be observed that in each case the action of the trial court in granting the order for publication was, in effect, subjected to the same test, the order being sustained except where there was substantially no legal evidence of reasonable diligence. Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231; Plummer v. Blair 12 S. D. 23, 80 N. W. 139; Woods v. Pollard, 14 S. D. 44, 84 N. W. 214; Davis v. Cook, *supra.* Concerning motions to vacate judgments Mr. Freeman says: "So far as the cases, or any of them, affirm that a motion to vacate a judgment is a direct attack thereon, and may therefore be supported by evidence not admissible on a collateral attack, we think them erroneous. Judgment having been entered in an apparently legal manner, and the jurisdiction of

the court not being retained by any motion or proceeding taken either during the term or within the time allowed by some statute, the court loses all control over the action and the parties thereto; and its subsequent interference to vacate its judgment can only be justified on the ground that the judgment might be avoided in any collateral proceeding, and for that reason to permit it to stand unvacated may probably cause innocent parties to purchase titles based thereon, or to be otherwise deluded by it." 1 Freem. Judgm. § 98. The motion to vacate in this action, made eight years after the judgment was rendered, upon the sole ground that the court was without jurisdiction, did not invoke the exercise of discretion on the part of the circuit court as where one seeks to have a default set aside; nor did it require or authorize the review and correction of any mere irregularities or errors. It asserted that the judgment was void. By that assertion it must stand or fall. If the court was without jurisdiction to render the judgment it did, such judgment is a nullity, whenever and however attacked. If the court possessed jurisdiction, its judgment, however erroneous, must be sustained on this appeal.

With the issue raised by defendants' motion thus defined, we proceed to consider the affidavit upon which the order for publication was based. It appears therefrom that the summons was delivered to the sheriff of Lincoln county, where defendants formerly resided, for service, and was returned without being served. If the sheriff made any efforts to find the defendants, such efforts should have been shown by his own affidavit. We recall no law imposing upon that officer the duty of making diligent search for persons upon whom service is to be made, and believe his return in cases of publication is usually made without any extended inquiry. Therefore the presumption, if any, arising from his failure to serve

the summons, is of little weight, but the fact that the summons was delivered to the officer for service is evidence of good faith on the part of the plaintiff. The law required an honest and reasonable effort to ascertain defendant's whereabouts. The duty of making this effort was intrusted to plaintiff's attorney. There is nothing in his affidavit to suggest that he did not act in good faith. It must be assumed that his sworn statements were believed by him to be true. Taking the affidavit as a whole, it shows that the attorney inquired of the plaintiff and certain persons, including the sheriff of Lincoln county, who were acquainted with the defendants when they resided in that county, concerning their whereabouts, and was informed that they had removed from the county more than five years preceding the time of the inquiries, and that their whereabouts at that time were unknown to the persons of whom he inquired. The showing would have been more satisfactory had the affiant stated in detail what his inquiries were and what replies he received, or, what would have been better still, he might have secured the affidavits of the persons of whom he inquired; but, as heretofore suggested, the methods of making the inquiry and of proving diligence in these cases are without limit. The fact to be ascertained was the whereabouts of the defendants. The most natural and reasonable method of ascertaining that fact was inquiry of persons acquainted with them at their last known residence. Assuming the affidavit to be true, the conclusion cannot be escaped that the affiant was convinced that the defendants had removed from Lincoln county, and that they could not be found. Presuming that affiant acted in good faith, mindful of his duty as an officer of the court, the only fair inference is that he heard of nothing demanding further inquiry, and that further inquiry would not have resulted in finding defendants. It now appearing that defendants were living at

the time, of course a successful search was possible. But the law did not demand the use of every possible means to find them. The trial judge was satisfied that a reasonable effort had resulted in failure. Doubtless a more satisfactory showing might have been made, but certainly sufficient facts were stated to call into exercise the judicial mind of the judge and his judicial determination cannot be questioned in this proceeding. Davis v. Cook, *supra.*

Defendant's second contention cannot be sustained. The plaintiff's verified complaint stated a cause of action. It was made a part of the affidavit. It as clearly appeared from the affidavit that a cause of action existed against the defendants as it would had the verified complaint itself been read to the court and referred to in the order for publication. The order of the circuit court is affirmed.