## PETERSON v. PETERSON.

1. Where defendant, seeking to have a default judgment in divorce set aside for failure of the affidavit of publication to allege what diligence or effort had been used to find the defendant within the state, does not seek leave to answer, the only question is whether the affidavit was sufficient to call for judicial action.

2. Where an affidavit for publication in divorce alleged that defendant was not within the state; that she was a resident of another state, giving her postoffice address there, and alleging that plaintiff's knowledge of such fact was derived from letters from the defendant received within the last three days, stating her address,—it was sufficient to call for judicial action, and a default would not be set aside on an application which did not seek leave to answer.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by Sibb Peterson against Olga Peterson. From an order setting aside a default, plaintiff appeals. Reversed.

*Aikens & Judge,* for appellant

*Muller & Conway,* for respondent.

HANEY, P. J. A judgment dissolving the marriage of the parties to this action, and awarding plaintiff the custody of their child, was rendered October 8, 1898. On April 23, 1899, defendant appeared specially and moved to vacate the judgment on the ground that the court was without jurisdiction for the reason that the affi-

davit for publication does not allege what diligence had been used or efforts made to find the defendant within the state. From an order granting such motion, the plaintiff appealed.

Defendant did not apply to have the default set aside with leave to answer; therefore the question to be determined is whether the affidavit upon which the order for publication was based contained sufficient facts to call into exercise the judicial mind of the lower court. Coughran v. Markley 15 S. D. 37, 87 N. W. 2. The affidavit is as follows: "Sibb Peterson, being duly sworn, on oath says that he is the plaintiff in the above entitled action; that a cause of action exists in favor of plaintiff and against defendant; that plaintiff is now, and has been for more than one year last past, continuously a resident in good faith in this state; that plaintiff and defendant were duly and legally married to each other on or about the 30th day of July, 1894, and thereafter for a long time lived and cohabited together as husband and wife; that on or about the 23rd day of August, 1898, defendant committed adultery; that the relief prayed for in this action is the dissolution of said marriage, and to obtain the custody and control of the issue of said marriage; that defendant cannot after due diligence, and due and diligent search and inquiry made, be found within this state, and she is not now within this state; that defendant is not a resident of this state, but is a resident of the state of Minnesota, and her post office address is Minneapolis, Minn.; that the means of affiant's knowledge as to the residence and post office address of the defendant is derived from letters written to him from said place stating that such was her residence and post office address, which letters have been received by affiant within the last three days." If defendant was in Minneapolis when the order for publication was made, no degree of diligence would have resulted in finding her within this state. It

is positively stated in the affidavit that she was not within this state, that she was a resident of Minnesota, and that her post office address was Minneapolis. Perhaps these statements in themselves were not any evidence whatever tending to prove that she was then in Minneapolis; but the affidavit goes further and shows the affiant's knowledge of her whereabouts was derived from letters written to him from Minneapolis. Such letters should have been attached to and made a part of the affidavit. Nevertheless, the court was justified in assuming that the affiant was truthful, and that he had truthfully stated the only information conveyed by the letters. The showing might easily have been made more satisfactory, but it cannot be said that there was a total absence of evidence tending to prove that the defendant was then in Minneapolis. Certainly, sufficient facts were stated to call into exercise the judicial mind of the judge, and his judicial determination should not have been questioned upon the hearing of defendant's motion to vacate on the ground that the court was without jurisdiction. Davis v. Cook, 9 S. D. 319, 69 N. W. 18; Coughran v. Markley, *supra.* The fact that the affiant's knowledge was acquired by means of letters received by him within three days of the time the affidavit was made, clearly distinguishes the case at bar from that of Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231.

The order of the circuit court is reversed.