CARROLL, Respondent, v. FOWLER, et al.,
(Fowler, Appellant.)

(145 N. W. 545.)

1.   **Process—Service by Publication—Order for—Affidavit, Sufficiency.**
      Under Code Civ. Proc., Sec. 112, concerning service of summons by publication, held, that an affidavit alleging that one of the defendants was not within the state, that after due diligence, service cannot be made upon him within this state, and that his last address was Colorado Springs, Colorado, is insufficient, being entirely destitute of facts from which the court could judicially determine that appellant could not, after due diligence, be found within this state, and conferred no jurisdiction to make an order for publication of summons.

2.   **Appearance—Waiver of Process—Retroactive Effect.**
      In view of Code Civ. Proc., Sec. 116, making voluntary appearance equivalent to personal service of summons, and not of the complaint, a defendant, who appears in an action begun by publication, only waives defects in service, which waiver does not relate back so as to put defendant in default for failure to answer.

3.   **Appeal—Appellant's Interest in Subject of Controversy—Right to Appeal.**
      In a suit to quiet title, a defendant, who voluntarily appeared although constructive service against him was defective, can appeal from a judgment entered upon motion as for a de-

fault, without any showing as to his interest in the property, since plaintiff made him a party, and alleged in the complaint that he was a proper party defendant and claimed an interest in the property, and plaintiff is in no position to deny such interest.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Buffalo County. Hon. FRANK B. SMITH, Judge.

Action by James D. Carroll against W. A. Fowler and others, to quiet title. From a judgment against defendant Fowler, he appeals. Reversed and remanded, with directions.

*A. E. Hitchcock,* for Appellant.

The affidavit upon which the order for the publication of the summons was based, was insufficient to authorize such order in that it did not show that the plaintiff had used due diligence to find the appellant within the State of South Dakota.

Said Affidavit was insufficient for the further reason that it did not show appellant's place of residence, nor that it could not with reasonable diligence be ascertained by the plaintiff. Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Plummer v. Bair et al, 12 S. D. 23, 80 N. W. 139; Bothell v. Hoellwarth, 10 S. D. 491, 74 N. W. 231; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Coughran v. Marlkley, 15 S. D. 41, 87 N. W. 2; Ricketson v. Richardson, 26 Cal 154; Anonymous, 1 Dak. 500 (District Court.); Grigsby v. Wopschall, et al, 127 N. W. 605 S. D; Simensen v. Simensen, 100 N. W. 708, N. D.

The affidavit for order of publication must contain the statement of some fact which would be legal evidence, having some tendency to make the fact of jurisdiction appear for the Court to act upon, before it has any jurisdiction to make the order. Forbes v. Hyde, 31 Cal. 342; Palmer v. McMaster, 13 Mont. 189, 33 Pac. 132; Ervin v. Milne, 17 Mont. 499, 43 Pac. 706; Odell v. Campbell, 9 Or. 302; Goore v. Goore, 24, Wash. 143, 63 Pac. 1092; Yolo County v. Knight, 70 Cal. 430, 11 Pac. 662.

It is not sufficient to allege as an ultimate fact, that defendant's residence cannot after due diligence be found or ascertained, but the facts which constituted due diligence and actual search made, must be set out in the affidavit as fully as the facts showing due diligence to find the defendant within the state. Anonymous, 1 Dak. 500; Whaley v. Carter, 1 Dak. 504;

Cook v. Farnum, 21 How. Pr. 286; Hallett v. Washington Righters and William Slater, 13 How. Pr. 43; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Coughran v. Markley, 15 S. D. 41, 87 N. W. 2.

In the appearance appellant demanded a copy of plaintiff's complaint. Under the statute the defendant had thirty days in which to answer the complaint. Defendant W. A. Fowler was not in default.

On return of the motion, appellant appeared and made formal objection to the granting of motion for judgment, raising specifically the question of jurisdiction prior to the voluntary appearance by appellant. Hence the issues to be determined by the Court upon said motion raised the question of sufficiency of the service by publication as made by the plaintiff.

*Spangler & Haney*, for Respondents.

The affidavit for publication of the summons in this action is sufficient, it being a positive statement of facts, but this Court is not called upon, in this case, to determine this question.

Defendant having appeared generally, is not in a position to, and will not be permitted to, raise any question as to jurisdiction based upon any defect in, or insufficiency of the service of the summons. In order to preserve his status as not having been properly served with the summons, the defendant must abstain from making any appearance in the action, other than to raise the question of jurisdiction of his person. Engle v. Hilgendorf, (Wis.) 116 N. W. 848; 2 Ency. Pl. & Pr. 612; Corbet v. Asssociation 115, N. W. 365; Bestor v. Co. Fair, 115 N. W. 809; Carney v. Twichell, 22 S. D. 531; Haner v. Palmer, 129 N. W. 1001; Cuddy v. Becker, (Iowa) 124 N. W. 1071.

If appellant had presented to the Court his proposed answer with an affidavit of merits, he might, on a sufficient showing, and in the discretion of the Court, have been allowed to interpose his answer.

The court finds, and it appears affirmatively upon the face of the record as presented by appellant, that the appellant has no interest in or lien upon, the premises described in the complaint, that appellant has no interest in this action.

Before appellant can come into this court and ask to have the judgment in this case reversed, he must show that he has some interest in the subject of the action and that he has been, or is, in some way injured or prejudiced by the judgment. Leach v. Bixby, 120 N. W. 427.

But the defendant having entered a general appearance the court had jurisdiction to enter the judgment; if, as a matter of fact, the defendant was not in default, that might be a cause for setting the default aside on a proper showing, but it is not sufficient to simply object to the entry of judgment, without any showing of interest, or merits, and without asking any relief, or leave to answer.

GATES, J. This action was begun by plaintiff to determine adverse claims to certain real estate. There are numerous defendants. Plaintiff attempted to cause service of the summons to be made upon appellant by publication and mailing, and in no other manner. An affidavit for the publication of the summons was presented to the trial court. Thereupon on February 10, 1912, said court made an order for the publication of the summons. The summons was published in a newspaper in the county, the last publication being on March 26, 1912. On February 14, 1912, a copy of the summons and complaint was deposited in the post office addressed to appellant at Colorado Springs, Colo. On April 26, 1912, appellant served on respondent's attorneys a notice of appearance in the action, in which he demanded a copy of the complaint. On the same day respondent served on appellant's attorney, a notice of motion for judgment. At the hearing on said motion, appellant appeared and filed written objections, fortified by affidavit, setting forth that he was not in default, and that the affidavit for publication of the summons did not show the jurisdictional facts necessary to sustain the order for such publication, and that therefore the order was void, and that the attempted service of process thereunder was of no effect. These objections were overruled by an order of the trial court, which recited the appearance of appellant, and concluded as follows: "And it further appearing to the satisfaction of the court that more than 30 days have elapsed since the completed service of the summons and complaint herein as aforesaid, and that no answer, demurrer, or appearance of any

kind has been filed or served, or in any manner made herein, by or on the part of either of said defendants, excepting the appearance of the said W. A. Fowler, above mentioned, and the said W. A. Fowler having presented to the court no proposed answer, and having presented no affidavit of mer't, and having made no showing to excuse his default or why he should be allowed to have said default set aside and be permitted to answer herein, and having made no showing why findings and judgment should not be made and entered herein in favor of the plaintiff, excepting that he, by his attorney, objected to the sufficiency of the affidavit of publication, * * * it is ordered, by the court, that the plaintiff's motion be, and the same is, hereby granted; and that findings of fact, conclusions of law, and judgment be made and entered herein in favor of the plaintiff." Thereupon findings of fact and conclusions of law and judgment were made and entered adjudging the appellant to have no interest in the premises in controversy. From this judgment W. A. Fowler appeals.

It is the contention of appellant that the affidavit upon which the order for the publication of the summons was based was insufficient to authorize such order, in that it did not show that the plaintiff had used due diligence to find the appellant within the state of South Dakota. It is also contended that such affidavit was insufficient for the further reason that it did not show appellant's place of residence, nor that it could not, with reasonable diligence, be ascertained by plaintiff. It is further contended that because of the foregoing there had been no service of process, and that appellant was not in default; that he still lawfully has 30 days after the service of the complaint upon him within which to plead to the complaint. It is the contention of respondent that the affidavit for the publication of the summons was sufficient to sustain the order, but that such question is immaterial inasmuch as appellant appeared in the action; that he thereby waived all defects in the proceedings, so that when he appeared in the action he was in default. It is further contended that the defendant may not maintain this appeal because he has shown no interest in the subject of the action.

[1] The ultimate question to be determined is, Was the

appellant in default at the time of the motion for judgment? In order to determine that question it is necessary to examine the affidavit for the publication of the summons and ascertain its contents. To make it clear that this step is necessary we have only to call attention to an illustration. Let us suppose that there had been no order for the publication of the summons, and no attempted service of process, and that appellant had voluntarily appeared in the action, as he did in this case. It needs no argument nor citation of authorities to sustain the proposition that in such case the appellant would not have been in default. Therefore, if the affidavit failed to contain the essential details from which the trial court could judicially determine that "the person on whom the service of the summons was to be made could not after due diligence be found within the state" (C. C. P. § 112), the order based thereon was a nullity. So it seems entirely clear to us that it is necessary to determine the sufficiency of the affidavit. In so far as it relates to the particular question under consideration, the affidavit was as follows: "This affiant further says that the summons in this action cannot be personally served upon any of the defendants excepting James Weast, and that none of the other defendants are now within the state of South Dakota, and that after due diligence service cannot be made upon any of the other defendants within this state. Affiant further states that the last-known address of the defendant W. A. Fowler is Colorado Springs, Colo." There is a further statement in the affidavit, viz.: "And therefore this affiant states upon information and belief that said W. A. Fowler is not now within South Dakota and that the present address, last known address, or any address of the said *John A.* Fowler is unknown." But this excerpt follows matter showing attempts to find John A. Fowler, another defendant, and we are clearly of the opinion that the use of the initials "W. A." was an inadvertence, and that said excerpt was intended to refer to John A. Fowler. Consequently this latter excerpt is not considered by us in the determination of this case.

We have carefully examined and considered the following cases decided by this court and its predecessor, the territorial court, in relation to the sufficiency of an affidavit for the pub-

lication of a summons, viz.: Anonymous, 1 Dak. 500; Whaley v. Carter, 1 Dak. 504; Soderberg v. Soderberg, 1 Dak. 503; Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Bank v. Jacobson, 8 S. D. 297, 66 N. W. 453; Davis v. Cook, 9 S. D. 319, 69 N. W. 18; Bothell v. Hoellwarth, 10 S. D. 493, 74 N. W. 231; Plummer v. Bair, 12 S. D. 25, 80 N. W. 139; Woods v. Pollard, 14 S. D. 44, 84 N. W. 214; Coughran v. Markley, 15 S. D. 37, 87 N. W. 2; Cochran v. Germain, 15 S. D. 77, 87 N. W. 527; Peterson v. Peterson, 15 S. D. 462, 90 N. W. 136; Allen v. Richardson, 16 S. D. 390, 92 N. W. 1075; Grigsby v. Wopschall, 25 S. D. 564, 127 N. W. 605, 37 L. R. A. (N. S.) 206; and Williams v. Highlands, 28 S. D. 497, 134 N. W. 58. We have also carefully considered the other cases cited in the briefs of counsel. We can see no useful purpose in reviewing such decisions as a part of this opinion. Suffice it to say that under the authority of none of these cases can this affidavit be deemed sufficient. It is entirely destitute of facts from which the court could judicially determine that appellant could not, after due diligence, be found within this state. Therefore jurisdiction to make the order never obtained.

This result renders it unnecessary to consider appellant's second contention.

[2] We come now to the question as to whether or not defendant was in default. The determination of this question is controlled by the effect that his appearance had upon his relation to the status of the case. Did his appearance relate back to the time of the attempted service of process by publication and mailing? Or did it relate merely to the time of entering his appearance? In 11 Mew's Eng. Case Law Digest, p. 202, we find the following: "A waiver of irregularity of process by appearance does not relate back so as to bring the defendant into contempt for not appearing in time. Robinson v. Nash, 1 Anstr. 76." This case was decided in the eighteenth century. In 3 Century Digest. col. 2996, we find a New York decision rendered in 1853. "The voluntary appearance by defendant does not retroact to make valid an attachment which was void because issued before service of summons on either of the defendants. Granger v. Schwartz, 11 N. Y. Leg. Obs. 346." In Harker v. Fahie, 2 Or. 89, there was defective ser--

vice of process, but defendant appeared in the action. The court held that such appearance did not waive defendant's time within which to plead. In the case of Flagg v. Walker, 109 Ill. 494, the court decided that when an action was commenced during the term of court in which it was brought the defendant, to avoid the expense of issuing and serving process for the next succeeding term, might enter his appearance without subjecting himself to a compulsory trial at the term such entry was made. In the case of Ethebridge v. Woodley, 83 N. C. 11, the court said: "The appearance then puts the defendant in court, and waives any irregularity or defect in the process, if any had been issued returnable to that term, but it has no anterior force upon the action. * * * the only consequence of the appearance is to subject the defendant's intestate thereafter to the responsibilities which would have been incurred by the service of process returnable to that term." In the case of Eleventh Ward Bank v. Powers, 43 App. Div. 178, 59 N. Y. Supp. 314, there was a defective order for the publication of summons, but the defendant appeared. The court said: "The voluntary appearance of the defendant, however, was equivalent to a personal service of the summons. * * * When the appellant appeared, the appearance was equivalent to personal service of the summons only upon the day when the notice of appearance was served; and the plaintiff, by failing to serve a copy of the complaint within 20 days after the service of the notice of appearance, was in default, and the defendant was entitled to have the action dismissed as to him." See, also, First Nat. Bank v. U. S., etc., Tile Co., 105 Ind. 227, 4 N. E. 846, and Chatterton v. Chatterton, 132 Ill. App. 31.

Furthermore, the order for the publication of the summons required the summons and complaint to be mailed to defendant at Colorado Springs. Even if they had been received by him through the mail, and even if the order had been valid, the legal effect of the receipt of the summons and complaint by him would have been that he had been served with the summons only, because such service outside the state amounted only to service of the summons—not to service of the summons and complaint. Section 116, C. C. P., provides: "A voluntary appearance of a defendant is equivalent to personal service of the summons upon

him." It is not equivalent ·to service of the summons and complaint. Therefore, even on respondent's own theory that all defects had ·been cured by his appearance, the only curative effect that the appearance had was to cure the defect in the service of the summons. And, inasmuch as the order for the publication of the summons was void, the appearance of defendant made valid the service of the summons upon him only as of the day that he appeared in the action.

We conclude therefore, upon reason and authority, that beyond any doubt defendant Fowler was not in default; that his appearance, while it waived all defects in the affidavit for the publication of the summons and in the order based thereon and in the service of the summons, and thereafter gave the court jurisdiction of the person of appellant (Rogers v. Penobscot Min. Co., 28 S. D. 72, 132 N. W. 792), did not cut off his right to demand a copy of the complaint and to plead thereto within 30 days after the service of the same upon him. In reality it is the respondent who is in default.

[3] There is no force in respondent's contention that appellant may not maintain this appeal because he has shown no interest in the property, the subject of litigation. At the time of the entry of judgment the cause had not, as to him, reached the stage where he was obliged to assert such interest. He was made a party defendant by the act of plaintiff. The plaintiff in his complaint alleged that Fowler was a proper party defendant, and that he claimed an interest in the property. It does not lie in the mouth of respondent to assert that he has not sufficient interest to entitle him to appeal. Appellant is not asking to be relieved from a default, he · is asking that the judgment, improperly entered because he was not in default, be set aside so that he may then ·proceed to assert his interest.

The judgment of the trial court is reversed, and the cause remanded, with directions to give respondent 20 days within which to serve the complaint upon appellant's attorney, and to give appellant 30 days after such service within which to plead thereto.