APPLICATION FOR AN ORDER FOR PUBLICATION OF A SUMMONS.

C. A. SODERBERG,
v.
ANNE SODERBERG,

This application must be refused. The jurisdiction thus sought to be acquired is strictly statutory, and can be acquired only in the mode prescribed by section 104 of the Code of Civil Procedure. The applicant must not only show that the case falls within some one of the five subdivisions of that section, but he must also establish the jurisdictional fact that the person on whom the service of the summons is to be made, cannot, after due diligence, be found within the Territory.

The circumstance that such person is a non-resident is of no importance, except as it tends to establish the other fact that he is not within the Territory at the time the application is made. In other words, the fact of the defendant's non-residence is not sufficient to authorize such an order; it must also appear that diligent effort, without avail, has been made to find the defendant within the Territory.

*Secondly*—Section 104, in relation to publication, points out what kind of proof shall be made to the satisfaction of the court or judge granting such order, that a party cannot, after due diligence, be found within the Territory. It must be made to appear by affidavit only. The return of a sheriff will not answer; that not being the kind of evidence required by section 104. Nor could the essential fact be made to appear

partly by affidavit and partly by a return.    See *Peck v. Cook*, 41 Barb., 549; 27 Howard, 574; *Woffle v. Goble*, 53 Barb., 517. See, also, the opinion of SHANNON, J., as to the steps necessary to procure such order, published in "Daily Press and Dakotaian" of January 29th, 1878.   There is another objection. The Christian name of the plaintiff is not given.    The law does not generally recognize a separate single letter as a name.    In inserting the names of the parties in the summons, it is essential that the full true name of all the parties, plaintiff or defendant, should be given.   (1 Wait's Prac., 469.)

.  By the true name is usually meant the first Christian name given the party in baptism and the sur-name of his ancestor. (20 N. Y. Rep., 355.)

The motion for the order is denied.        P. C. SHANNON,
                                                                  Judge.