## GRIGSBY v. WOPSCHALL et al.

While to authorize service by publication it is not necessary that all possible or conceivable means should be used to ascertain defendant's whereabouts, yet it is necessary that the affidavit for publication show that all reasonable means have been used to discover the whereabouts of defendant, to the end that he may receive actual notice of the action.

An affidavit for service by publication upon a defendant who has recently left the state should show the place where defendant last resided, and plaintiff must ascertain whether such defendant left any relatives or agents or other business associates in such vicinity, and, if so, inquiry should be made of them; and, failing to find such relatives, agents, or business associates, inquiry should be made of his nearest neighbors, as persons also presumed as likely to know his whereabouts.

The showing of "due diligence" to find defendant to authorize service of summons by publication within Code Civ. Proc. § 112, can only be made by affidavit, and the return of a sheriff, not sworn to, will not answer.

An application by respondent for leave to amend his additional abstract comes too late after submission of the cause to the Supreme Court; he having discovered on the argument that his former position was doubtful, and seeking to raise a new question by such amendment.

The circuit court having found that the appearance of defendant was special, and its order and the recitals and findings therein contained having been prepared by plaintiff or his counsel, plaintiff cannot urge in the Supreme Court that the findings and order were not correct, and that the appearance of defendant was general.

(Opinion filed, June 4, 1910.)

Appeal from Circuit Court, Minnehaha County, Hon, Joseph W. Jones, Judge.

Action by Sioux K. Grigsby against. Carl G. Wopschall and others. There was a default judgment for plaintiff, and from an order denying a motion to vacate such judgment on the ground that the court had no jurisdiction defendants appeal. Reversed, with directions.

*Fuller & Fuller* and *William G. Porter,* for appellants. *Grigsby & Grigsby,* for respondent.

McCOY, J. This suit was commenced on the 8th day of December, 1908, in the circuit court of Minnehaha county by respondent, as plaintiff, against appellants, as defendants, to quiet title to certain real estate situated in Roberts county, this state. The summons was served by publication. No appearance or answer was made by defendants, and judgment was therefore entered in favor of plaintiff and against defendants quieting title in said real estate in plaintiff. Thereafter, immediately upon discovering the entry of said judgment, defendants, appearing specially and not otherwise, moved the court to set aside and vacate said judgment, upon the ground that the court had no jurisdiction over the parties to the action or the subject-matter thereof, and that the court had no jurisdiction to render said judgment. Upon the hearing of said motion the court made the following order: "Ordered that said motion be, and the same hereby is, in all things overruled and denied without prejudice, however, to the defendants moving to open the judgment and for leave to answer should they be so advised." To the making and entry of said order the defendants duly excepted. Defendants appeal and assign as error the making and entry of said order overruling said motion to vacate said judgment. The order for publication of summons was based upon the affidavit

of plaintiff, and the return certificates of the sheriffs of Roberts and Minnehaha counties, which are as follows:

"I, J. L. Minder, sheriff in and for the county of Roberts and state of South Dakota, do hereby certify and return that the summons in the above-entitled action came into my hands for service on the 15th day of December, 1908, and that I immediately began diligent search and inquiry for the above-named defendants, and each of them, within said county of Roberts, and that I inquired of L. M. Foss, clerk of courts, and of W. C. Oliver, county auditor, and also of Casper Kennedy, postmaster, all of Roberts county, South Dakota, all of whom are well acquainted throughout the county of Roberts, state of South Dakota, as to the whereabouts of the said defendants, and each of them, and that all of said parties stated that to the best of their knowledge, information and belief none of the said defendants were residents of the state of South Dakota or could be found therein. That I was informed by the said L. M. Foss, aforesaid, that to the best of his knowledge, information and belief the said defendants, Carl G. Wopschall, Otto H. Wopschall and Gustav Wopschall, were residents of the state of Wisconsin, but was unable to give their residence or post office address, and that I could find no trace of the defendant W. H. Hartzell whatever. That I am personally well acquainted throughout the county of Roberts and state of South Dakota, and that to the best of my knowledge, information, and belief none of the said defendants are residents of or can be served with the summons herein in the state of South Dakota. After diligent search and inquiry in the county of Roberts, and state of South Dakota, and being unable to find the said defendants or either of them, I therefore return said summons not served. Dated this 15th day of December, 1908. J. L. Minder, Sheriff, Roberts County, S. Dak."

"I, C. M. Nelson, sheriff in and for the county of Minnehaha and state of South Dakota, do hereby certify and return that the summons in the above-entitled action came into my hands for service on the 25th day of January, 1909; that I have inquired of W. C. McConnell, clerk of courts, James Monroe, register

of deeds, Charles E. Hill, county auditor, and other parties re-
garding the whereabouts of the said defendants and each of
them; that all of said parties inquired of informed me that of the
best of their knowledge, information and belief the said defend-
ants or either of them, are not residents of the county of Minne-
haha, state of South Dakota, and cannot be found therein; that I
am well acquainted throughout the county of Minnehaha and
state of South Dakota and do not ·know the said defendants, and
have been unable to find them, or either of them, after due and
diligent search and inquiry and that to the best of knowledge,
information and belief they are not residents of or now within
the ·state and cannot be found therein.    I therefore return
·said summons not served.    Dated this 26th day of January,
1909.    C. M. Nelson, Sheriff of Minnehaha County, State of
South Dakota."

Affidavit for publication:    "Sioux K.` Grigsby, being first
duly sworn, deposes and says:    That he is a member of the firm
of Grigsby & Grigsby, attorneys for the plaintiff in the above-
entitled, action, which has been commenced· by the filing of a
complaint in this court, ·the recording of· a notice of lis pendens
and the issuance of a summons· herein, which summons and com-
plaint are hereto attached and specifically made a part thereof;
that this action is ·brought by the plaintiff against said defendants
to quiet the title of plaintiff in ·and to· certain lands in the
said complaint more particularly described, and that the said·
defendants and each of them are necessary parties hereto, and
that a cause of action· exists in favor of the ·plaintiff and against
the· said defendants and each of them, and that this court has
jurisdiction of the said action, as more fully appears by the said
complaint.    That the said` defendants, or either of them, after
due diligence, cannot be found within· the state· of South Dakota,
and that personal ·service of the summons in ·this action cannot
be made upon the ·said defendants, or either of them, within said
state of South Dakota and that to the best of this deponent's
knowledge, information, and belief, the said defendants are not
residents of and do not reside in and are not now within the

said state of South Dakota. That due and diligent effort has been made by affiant to find the above-named defendants, and each of them, within the state of South Dakota and to serve upon them, the summons in this action, to-wit: That for the purpose of ascertaining the defendant's whereabouts and of making personal service of the summons herein upon them, and each of them, affiant on the 5th day of December, 1908, placed the said summons in the hands of J. L. Minder, sheriff in and for the county of Roberts, and state of South Dakota, and instructed the said sheriff to forthwith serve the said summons upon the said defendants, and each of them, and that on the 15th day of December, 1908, the said sheriff of Roberts county made his return to this court hereto attached and made a part hereof, that after diligent search and inquiry and being unable to find the said defendants or either of them or to serve said summons upon the said defendants, or either of them, that said summons was returned not served and this affiant makes a part of this affidavit the sworn return of the said sheriff as hereto attached. That for the purpose of ascertaining the defendants' whereabouts and of making personal service of the summons herein upon them, and each of them, affiant on the 25th day of January, 1909, placed said summons in the hands of C. N. Nelson, sheriff of Minnehaha county, state of South Dakota, with instructions to forthwith serve the same upon the said defendants and each of them and that on the 26th day of January, 1909, the said sheriff made his return to this court, which return is specifically referred to and made a part hereof, that after due and diligent search and inquiry the said defendants, or either of them could not be found by him, the said sheriff, and that said summons was returned not served, and that this affiant makes a part of this affidavit the sworn return of the said sheriff hereto attached. That for the purpose of ascertaining the defendants' whereabouts and of making personal service of this summons herein upon them, and each of them, this affiant of William H. Lyon, of George T. Blackman and H. E. Judge, all of Sioux Falls, South Dakota, for more than ten years last past and are well acquainted throughout this state

and each of whom informed this affiant that they did not know the said defendants, or either of them, and that to the best of their knowledge, information, and belief the said defendants are not residents of and cannot be served with the summons in this action within the state of South Dakota. This affiant further says that he is a resident of the state of South Dakota and has been engaged in the practice of law at Sioux Falls, S. D., more than ten years last past, and is well acquainted throughout the said state, and that affiant does not know the said defendants or either of them, and that to the best of affiant's knowledge, information, and belief the said defendants, or either of them, are not resident of or now within the state of South Dakota, and cannot be served with the summons in this action therein. This affiant further says that he has made inquiry of the said J. L. Minder, sheriff of Roberts county, and of C. N. Nelson, sheriff of Minnehaha county, and of said William H. Lyon, George T. Blackman, and of H. E. Judge, of Sioux Falls, South Dakota, as to the residence and post office of the said defendants, and each of them, and that affiant is informed by each of said parties named that they do not know the residence or post office address of either of the said defendants, and affiant further states that he does not know the residence or post office address of either of said defendants, and that said residence and post office address cannot after due diligence be ascertained by him. Wherefore deponent prays an order of this court in accordance with the statutes in such cases made and provided, that the summons in this action may be served upon the said defendants by due and legal publication thereof. Dated January 30, 1909."

We are of the opinion that there was not a sufficient showing of diligence to give the court jurisdiction to order publication and render judgment against defendants. While, in this class of cases, it is not necessary that all possible or conceivable means should be used to ascertain the whereabouts of a defendant, still it is necessary that the affidavit for publication should show that all reasonable means have been used to discover the whereabouts of defendant, to the end that he may receive actual notice of the

pendency of the suit against him. This is what is meant by the term "due diligence." In Cochran v. Markley, 15 S. D. 37, 87 N. W. 2, it is very aptly stated: "Judgments which exclude persons from any interest or lien upon land should not be rendered without actual notice, when by the exercise of reasonable diligence actual notice can be given. There should be either actual notice or an honest and reasonable effort to give it. The statute contemplates, and trial judges should invariably require, that the party who institutes the suit shall in good faith make every reasonable effort to not only ascertain that the defendant cannot be served within the state, but to ascertain his whereabouts, in order that copies of the summons and complaint may reach him through the mails or otherwise." Where a defendant, on whom service by publication is sought, has recently left the state, plaintiff should ascertain the place where he last resided, and it is also incumbent upon plaintiff to ascertain whether such defendant left any relatives or agents or other business associates in such vicinity, and, if so, inquiry should be made of them, as persons presumed to be most likely to know the present whereabouts of such defendant. Failing to find such relatives, agents, or business associates, inquiry should be made of the nearest and most immediate neighbors of such defendant as persons also presumed to be likely to know the whereabouts of such defendant. Inquiry of the postmaster at the last-known post office address of such defendant might readily lead to the discovery of his whereabouts. The affidavit for publication should show that all reasonable inquiry has been made of persons likely or presumed to know the whereabouts of the person sought to be notified by publication. Near neighbors might know of near relatives of defendant who resided in some other locality who could furnish the desired information. It is the use of all such reasonable means of this character that constitute "due diligence." The affidavit should show that such sources of inquiry have been reasonably pursued and exhausted. Inquiries made of persons in a distant part of the county, or state, 20, 50, 100, or more miles from the locality where defendant last resided, who are not personally acquainted with and did not know

defendant, are wholly worthless and wholly immaterial to establish "due diligence." Such persons are not likely or presumed to know the whereabouts of defendant. It has been heretofore held that the showing of "due diligence" can only be made by affidavit. The return of the sheriff will not answer; that not being the kind of evidence required by the statute. Section 112, Code Civ. Proc.; Soderberg v. Soderberg, 1 Dak. 503; Cochran v. Markley, 15 S. D. 37, 87 N. W. 2. The sheriff's return is not sworn to, and a prosecution for perjury could not be based thereon, in case the same was made knowingly and intentionally false. When we eliminate the sheriff's returns from the showing in this case, nothing remains, other than conclusions and immaterial statements, bearing upon the question of "due diligence," and appellant's motion to vacate the judgment should have been granted.

Since the argument and submission of this cause in this court respondent has made application for an order to show cause. why he should not be permitted to file a further and amended additional abstract, which would tend to show that appellant in the circuit court made a general instead of a special appearance, as shown by the abstracts now on file. It is contended by respondent that because in some of the affidavits presented on the hearing to vacate the judgment in the circuit court on the part of appellants there was a prayer that appellants be permitted to make answer to the complaint, that appellants were seeking other and further relief in the court below than the vacation of the judgment for want of jurisdiction, and that there was, in effect, a general appearance in the action. We are of the opinion that this application to amend the additional abstract comes too late. Respondent served an additional abstract in which all this matter now sought to be included was carefully omitted. After discovering on the argument of the cause in this court that his former position was doubtful, he should not now be permitted to raise entirely new questions by an amended additional abstract. Again, it appears from the record now before this court that the circuit court found and held that the appearance of the appellants in the court below was a special one, and the order appealed from indi-

cates the same effect. The order appealed from and the recitals and findings therein were no doubt prepared by respondent or his counsel. Under any circumstances, it would be hardly proper for this court to permit respondent to now change front and be permitted to oppose that which he procured in the lower court. The appellants' motion to vacate the judgment on the ground of want of jurisdiction and the motion paper itself recited that the appearance was special for that purpose and none other. The hearing in the circuit court was on that theory. The circuit court found that the appearance of defendant was special, and respondent should not now complain that the findings and order in the circuit court procured by himself are not correct. In the lower court appellants were not permitted to make answer evidently on the ground that their motion only included an objection to the jurisdiction of the court. There was no proposed answer made or submitted by defendants.

The order appealed from is reversed, with directions to vacate and set aside the judgment heretofore entered in this action.