STRAUB, Respondent, v. LYMAN LAND & INVESTMENT COMPANY, Appellant.

(141 N. W. 979.)

**Constitutional Law—Domestic Corporations—Due Process of Law—Service of Process Outside State.**

Code Civ. Proc., Sec. 110, as amended by Laws 1911, Ch. 226, providing for service upon a domestic corporation by delivering a copy to a designated officer of the corporation, either within or without the state, is not unconstitutional wherein it provides for service upon an officer without the state, as a deprivation of due process of law.

Gates, J., taking no part in the decision.

(Opinion filed May 24, 1913.)

On rehearing.  Affirmed.

For former opinion, see 30 S. D. 310, 138 N. W. 957.

*Davis & Lyon,* for Appellant.

In the opinion in the case at bar it is stated: "If service upon an officer of a foreign corporation within this state may be deemed due process of law, we see no reason why service of process upon an officer of a domestic corporation residing in a foreign state may not likewise be deemed due process as well."

If this conclusion be sound, by parity of reasoning, we might conclude that the provision of subdivision 2, sec. 110, C. C. P., relating to service upon railroad corporations, that service upon the acting ticket, station or other agent of the company, if none were to be found within this state, might be made upon such officer in another state because there are no restrictive words used, limiting the service to this state.

Also in relation to the provisions in subdivision 6, the same reason would lead to the same conclusion regarding service upon a defendant personally.

But it has been held in construing the latter section that the provision relating to leaving a copy at the dwelling house of the defendant "applies only to such service within the state." First National Bank v. Holmes, 94 N. W. 764; Amsbaugh v. Exchange Bank, Kan., 5 P. 384.

The methods of service upon the two kinds of corporations are different and distinct, and there is no such correlation between them as would warrant the conclusion that, because service may be made upon a foreign corporation within the state by service upon its officers, therefore service may be made on the officers of a domestic corporation outside the state without express authority to do so.

The laws of the state have no extra territorial force, and process served outside of the state will not give the court jurisdiction. Pennoyer v. Neff, 95 U. S. 714; 24 L. Ed. 565; Harkness v. Hyde, 98 U. S. 476; 25 L. Ed. 237; McEwan v. Zimmer, 38 Mich. 765, 31 Am. Rep. 332; Story Conflict of Laws, 7th Ed., Sec. 539; Cooley Constitutional Limitations, 7th Ed., 579-584.

Under the above doctrine it would seem that service upon a defendant outside the state, even if authorized by statute, is not a personal service, but one of the modes of substituted service,

which would serve the purpose of a notice to the defendant, but not sufficient to warrant a personal judgment. But a summons when served outside the state loses its character of a mandate, requiring the defendant to answer, for the authority of the state ceases at the boundary line, and beyond that the summons only can serve the purpose of a notice. McEwan v. Zimmer, supra.

The service of the summons, therefore, outside the state, whether under statutory authority or not, was a mere nullity, and contrary to the constitutional requirements of due process of law. Raher v. Raher, 150 Ia. 511; 129 N. W. 494. Also reported in 35 L. R. A., N. S., 292 and long note; same case reported in 25 Am. & Eng. Ann. Cases 696 and note; Pinney v. Providence Loan & Inv. Co., 106 Wis. 396; 50 L. R. A 577 and note; De La Montanya v. Same, 35 L. R. A. 82; Iakman v. Sanderson, 122 La. 265; 42 So. 600; Bernhardt v. Brown, et al., N. C., 36 L. R. A. 402.

In view of this rule of law the construction given the statute by this court in relation to service of summons on domestic corporations outside the state cannot stand, for such construction renders the statute void to this extent as violative of the constitution.

In the opinion of this court the doctrine laid down is based upon the two cases of Clearwater Mercantile Company v. R. J. & R. Shoe Company, 40 So. Rep. 536, and Hinckley v. Kettle River Railroad Company, 70 Minn 105. We contend that these two cases do not sustain the doctrine of the opinion in this case.

We concede the doctrine of the opinion in this case, that a state has the right to prescribe the method of service upon its own citizens and that the method of service adopted by the legislature, whatever it may be, if reasonably designed to give notice to the defendant, is sufficient to support a personal judgment, whether they be natural persons or corporations.

The power of the state to designate the method of service of process is, however, subject to one very well-defined restriction. The power must be exercised within the territorial limits of the state. Jones v. Fidelity Loan & Trust Company, 7 S. D. 122.

*James Brown,* for Respondent.

The Lyman Land & Investment Co., would be in Iowa a foreign corporation, and the statutes of that state, Code of 1897, Sec. 3529, provide that service in an action against any foreign cor-

poration can only be made upon the general agent of such corporation.

In order to have a general agent in the State of Iowa a corporation would have to be doing business in the state of Iowa, and if it were not doing business there service upon one of its officers happening to be there would confer no jurisdiction upon the courts of Iowa to try an action against it in that state. St. Clair v. Cox, I Sup. Ct. Reports, 354.

The treasurer of the corporation is not its agent; and this corporation was not doing business in Iowa, there was therefore no possibility of suing the defendant there, and if the device of its officers to avoid service upon any of its officers in South Dakota by resigning one after another as soon as they learned that action was about to be commenced against it, is held by this court to render it impossible to sue it in this state, the result will be that this corporation will succeed in deliberately swindling plaintiff out of $300. Lafayette Insurance Co. v. French, 18 Howard 404.

Appellant's concession that the legislature may provide any manner of service as to a resident corporation that is reasonably designed to give notice to the defendant and that such service is sufficient to support a personal judgment, and that delivery of a copy of the summons within the boundaries of the state to a state or county officer designated by statute is sufficient service to support a personal judgment, and that a personal judgment may be based upon a service made by nailing a copy of the summons upon the door of the last place of residence or office occupied by the corporation; yet contending that if personal delivery of a copy of the summons to the principal officer of the corporation or the managing agent who has charge of all of its business, if delivery is made beyond a state boundary, it is no notice at all, and that a judgment based thereon is depriving the corporation of its property without process of law, is sacrificing substance for shadow and justice for technicality.

Raher v. Raher was decided by a divided court, and we believe that the dissenting opinion and the note of the annotator to the case as reported in 35 L. R. A., N. S., are more in line with authority and much better justified by reason than the majority opinion.

Pennoyer v. Neff, upon which all other cases holding certain forms of constructive service not to be due process of law are based, does not justify holding the service in this case insufficient to sustain a personal judgment.

SMITH, J.  This cause is before us on rehearing, which was granted and a reargument permitted, because of the importance and novelty of the main question involved.  The original opinion is reported in 138. N. W. 959.  We are not disposed to change the views there expressed as to the interpretation of the provisions of section 1-10, Code Civ. Proc.  This statute by necessary implication divides corporations into two general classes—domestic and foreign.  It also distinguishes certain classes of cases in which service may be made on foreign corporations.  As to this class of corporations, service can be made only: (1) When the corporation has property in the state; (2) when the cause of action arose in the state; or (3) when such service shall be made in this state personally, upon some one of four of its officers named in the statute. It would seem also, under the first clause of the statute, it was intended that when a foreign corporation has property in this state, or the cause of action arose therein, service may be made upon any one of the six officers named in the statute, either within or without the state; but that question is not before us, and we do not decide it.  Necessarily, all corporations not embraced within the limitations applying to foreign corporations are domestic corporations.  The provisions of the statute as to property within the state, that the cause of action arose in the state, or that service must be made within the state, have no application to domestic corporations.  We think, as to domestic corporations, the statute was intended to authorize service, either within or without the state, upon any one of the six officers, or agents named in the statute.

The important and crucial question is, as stated in appellant's brief on rehearing, whether the service thus authorized, constitues "due process of law."  In a discussion of this question, it must be borne in mind that a domestic corporation is always, not only a resident of the state, but is at all times within the state, and cannot be absent therefrom even temporarily.  The real question then is whether the mode of service provided by this statute, upon a corporation, resident of and at all times within the state, constitutes "due process of law."  The case before us, we think, is

distinguishable from a case where a natural person, either resident or nonresident, is attempted to be served with process without the boundaries of the state. It seems to us that appellant's counsel has failed to distinguish between "process" as a writ, and "due process of law." The question is, not whether "process" may be served upon a person, outside the boundaries and jurisdiction of the state, but whether service upon a domestic corporation, a resident of and within the state, by delivery of a summons to one of its officers named in the statute, outside the state, constitutes "due process of law." Appellant, in its brief on rehearing, says: "We concede to the fullest extent the doctrine of the (former) opinion in this case, that a state has the right to prescribe the method of service upon its own citizens, and that the method of service adopted by the Legislature, whatever it may be, if personally (properly) designed to give notice to the defendant, is sufficient to support a personal judgment."

The statement of counsel makes it unnecessary to refer to the authorities which discuss generally and establish this doctrine. But counsel in their brief further say: "The power of the state to designate the method of service of process is, however, subject to a very well defined restriction. The power must be exercised within the territorial limits of the state."

Counsel found this supposed restriction upon the universally recognized doctrine that a state cannot send its process over a state line and thus make its laws operative in another jurisdiction. A moment's reflection, we think, will make it clear that this statement of an alleged exception or restriction is inaccurate. As an approximately correct statement, it may be said that the power to proceed under a state statute, prescribing a particular mode of service as to citizens of the state, can only be constitutionally exercised when the citizen is within the territorial limits of the state. Thus stated, we think the rule is sustained by practically all the authorities. But statutes may be found under which it has been contended, by reason of the general rule as stated by appellant's counsel, that a state may authorize service of process upon its own citizens outside its territorial jurisdiction. This view could only be sustained, if at all, upon the theory that a citizen of the state is always constructively within its boundaries and subject to its laws. A statute seemingly enacting this principle is discussed by Justice

McLain, in Raher v. Raher, 150 Iowa, 511, 129 N. W. 494; 35 L. R. A. (N. S.) 292, Ann. Cas. 1912D, 694. In that case, service was made in South Dakota, on the defendant Raher, who was at the time a resident and citizen of Iowa. It was contended that service outside the state of Iowa was valid because authorized by the laws of that state and because Raher was a citizen or resident of that state. Justice McLain said: "The precise question involved in this case is absolutely without precedent in this or any other state in the Union." He reaches the conclusion that the statute authorizing such service is unconstitutional, both under the state and federal Constitutions.

We have no criticism to offer, either as to the reasoning or the final conclusion in that case, but we think it has no application to the case before us, because not only was the service made outside the state, but the defendant himself was outside the state at the time of service. In the Raher case, it was held that such service did not constitute "due process of law," and therefore the statute authorizing it was unconstitutional. But what constitutes due process of law, as to a citizen within the state, is a different question, and we think is settled by the authorities. It may be conceded that no person, resident or nonresident of the state, can be required by service of process or notice in a foreign state to appear and defend in the courts of the state from which such notice or process issues, except in those cases in which the impending action is intended to affect property or status of such person already within the jurisdiction of the state or its courts. The exception is founded upon the theory that, while the process or writ of the state court cannot reach a person outside the state, it can reach his property which is within the state. But even in this class of cases, the procedure is unconstitutional unless it is such as to constitute "due process of law." It is essential to due process of law in such cases that some method of service of notice be provided, reasonably designed to reach the defendant, and that an opportunity be offered him to appear and defend. It is not the fact alone that property of the absent defendant is within the state, or is seized under a writ or process of the state court, that constitutes due process of law. It is the notice, and opportunity to appear

and defend provided by the statute, which constitutes such process.

In Carter et al v. Frahm, 141 N. W. 373, this court quoted with approval the language in Freeman on Judgments, § 611, where it is said: "The mere seizure of propery does not confer jurisdiction upon the court to proceed to judgment. To this end, some notification of the proceedings, beyond that arising from seizure, prescribing the time within which the appearance must be made, is essential. Such notification is usually made by publication in some form. *The manner of notification is immaterial, but the notification itself is indispensible.*" (The italics are ours.)

No argument or citation of authorities is necessary to sustain the proposition that such notice as is required to constitute "due process of law" when a person or a foreign corporation has property within the state, may be served outside the state. The notice thus required is not, in itself, due process of law; it is merely one of its essential parts. The fact that the notice in this class of cases may be served outside the state is alone sufficient, we think, to demonstrate the fallacy of appellant's contention—that the notice essential to due process of law as against our own citizens within the state cannot be served or given outside the state boundaries. It is apparent that the cases cited by appellant, which hold that a judgment in personam cannot be entered upon service outside the state upon either residents or nonresidents, of either notice or process, have no application to the case before us. In this case, we are dealing with a resident of the state which never was and never can be outside its boundary lines. The constitutional limitation as to persons without the state does not apply to persons actually within its boundaries. As to persons within the state, the only constitutional restriction is that they shall not be deprived of life, liberty, or property without due process of law. As to this limitation, no distinction exists between actions in rem and actions in personam. The only question is whether the procedure provided by the statute is such as to constitute due process of law. If service of summons outside the state, upon a nonresident who has property in the state, is sufficient notice to afford an opportunity to appear and defend against the taking of its property, we see no reason for holding that, as to a domestic corporation, a like service upon its agent or officer, outside the state, is not likewise sufficient

to constitute due process of law. We think the rule is that, when a citizen of the state is within its territorial jurisdiction, the state may authorize any mode of service reasonably designed and calculated to give him notice of the judicial proceeding impending, and to afford him a reasonable opportunity to defend in its courts, and any statutory mode of service which fulfills these requirements affords "due process of law."

In some cases, the courts, while recognizing the authority of the Legislature to prescribe the mode of service as to citizens within the state, have held that the service prescribed by a particular statute was not due process of law, because not reasonably calculated to bring notice of the commencement of the action home to the defendant. Pinney v. Providence Loan & Inv. Co., 106 Wis. 396, 82 N. W. 308, 5 L. R. A. 577, 80 Am. St. Rep. 41.

Nelson v. C. B. & Q. R. R. Co., 225 Ill. 197, 80 N. E. 109, 8 L. R. A. (N. S.) 1186, 116 Am. St. Rep. 133, a case not before referred to, was an action on the case against a domestic corporation of the state of Illinois. The statute of that state in substance provides that, when the sheriff makes return upon the summons that the defendant company has no officer or agent upon whom summons can be served in the county, service may be made by publication and mailing. This statute was attacked as unconstitutional. The court said: 'In this case actual service could not be had upon the defendant, although the suit was properly brought in the court from which the process was issued and the defendant was a resident of and was in the state, and the question here is narrowed to this: Can the Legislature provide a constructive or substituted service of process by publication and mail, in lieu of actual service of process, in a case where the process cannot be actually served upon the defendant in the county where the statute expressly authorizes the suit to be commenced, although the defendant resides and is in the state? * * * While the authorities are not in entire harmony upon the subject, the Illinois cases and the greater weight of authority clearly establish, we think, the proposition that a personal judgment in an action at law may be rendered against a defendant residing in and who is in the state where the suit or proceeding is pending, who has been notified of the pendency of the suit by constructive service of process, where it appears actual service of process could not be had upon the defendant, if the constructive

service provided for was required to be had in such manner that the reasonable probabilities were that the defendant would receive notice of the pending action or proceeding before judgment or decree was rendered against him." The statute was held constitutional.

A similar statute was sustained in the case of Clearwater Merc. Co. v. Roberts, etc., Shoe Co. 51 Fla. 176, 40 South. 436, 4 L. R. A. (N. S.) 117, 120 Am. St. Rep. 153, in an action in personam. In that case the appeal was from the denial of a motion to vacate a personal judgment against a domestic corporation upon default. It was admitted that service was in accordance with the statute. The court said: "The fundamental object of all laws relating to service of process is to give that notice which will in the nature of things most likely bring the attention of the corporation to the commencement of the proceedings against it, and, when the Legislature carries out this clear design, it should not be stricken down by the courts."

A statute of Minnesota provided, in substance, that, when a domestic corporation had no officer in the state upon whom service of process could be made, an action might be commenced in any county where the cause of action arose, by depositing a copy of the summons, writ, or other process or citation in the office of the Secretary of State, which should be deemed and treated as personal service on such corporation. The statute was assailed as unconstitutional, because such service was not due process of law. The court says: "If the mode of service provided for is, under the circumstances, reasonable and appropriate to the case, it is 'due process of law,' and, as to citizens, residents of the state, will give jurisdiction of the person, and support a personal judgment against them, although they were not served in person. Freeman, Judgment, § 127. There is no class of cases where there is greater necessity for service in person than where domestic corporations have no officer who can be found in the state upon whom to make service of process; and we can conceive of no form of service which would in such cases be more appropriate and more likely to communicate notice of the commencement of the action to the corporation, than the one provided in this statute." Town of Hinckley v. Kettle River R. Co., 70 Minn. 110, 72 N. W. 836.

In their brief on rehearing appellant's counsel attempt to distinguish the Florida and Minnesota cases, upon the ground that in neither case did the statute declare that the notice might be given, or any act done outside the boundaries of the state. No authority is cited to sustain this contention, and, as suggested in our former opinion, we see no reason for holding that service, sufficient in itself to comply with the requirement of notice as one of the elements of due process of law, when made outside the state upon the proper officer or agent of a domestic corporation, is not due process of law. The essential thing is that the notice required be given or served in such manner as to afford a reasonable probability that it will reach the defendant who is within the state. That a notice personally served upon an agent of a domestic corporation outside the state would be less likely to reach the corporation within the state than would a notice filed with the Secretary of State or published in some newspaper in the state would seem unreasonable.

We are of opinion that the statute, as we have construed it, should be held to provide due process of law as to a domestic corporation, and that the order appealed from should be affirmed.

GATES, J., took no part in this decision.