CONE, et al, Respondents, v. BALLARD, et al, Appellants

(5 N. W.2d 46.)

(File No. 8489. Opinion filed August 5, 1942.)

Rehearing Denied September 12, 1942

3.

**James O. Berdahl,** of Sioux Falls, for Appellants.

**C. A. Christopherson, Jr.,** and **Palmer K. Larson,** both of Sioux Falls, for Respondents.

SMITH, J.   This action in foreclosure of a real estate mortgage was instituted about two months before the running of the applicable statute of limitations.   The defendants were residents of the county in which the mortgaged property was located and in which the action was brought. Upon a showing of inability to find the defendants within the state the court entered an order for service by publication.   After the period fixed by the statute of limitations had elapsed the defendants appeared and moved to quash the service.   The motion was denied and after trial a decree in foreclosure resulted.   The appeal is by the defendants.

The first contention of the defendants attacks the jurisdiction of the trial court on the ground that the showing made upon the application for an order authorizing the publication of summons was insufficient to meet the requirement of due diligence contained in SDC 33.0812.

The pertinent provisions of the cited section read:

"A summons, writ, order, or decree may be served by publication under the conditions and in the manner hereinafter provided.

"Where the person on whom the service of the summons, writ, order, or decree is to be made cannot, after due diligence, be found within the state and that fact appears by affidavit to the satisfaction of the Court or a Judge thereof, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a proper party to an action relating to real or personal property in this state, or to the writ, order, or decree, such Court or Judge may grant an order that the service be made by publication of the summons in any of the following cases: * * *

"(2) Where the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors or to avoid the service of a summons or keeps himself concealed therein with like intent; * * *

"(4) Where the action is for the foreclosure of a lien on real or personal property in this state."

The defendants assert that (a) constructive service on a resident defendant is only authorized under the conditions set forth in subsection (2), supra, and (b) that the affidavits do not support either an inference that defendants intended to avoid service or that plaintiffs had exercised due diligence in attempting to find defendants and make personal service upon them.

■ We have concluded and hold that in an action to foreclose a mortgage lien (see SDC 39.0101) jurisdiction to enforce the debt as against the mortgaged property may be obtained through service by publication upon a resident defendant under SDC 33.0812(4).

■ We are not dealing with jurisdiction of the person of the defendant. The record presents the foreclosure action in its aspect as an action in rem or more accurately speaking as an action quasi in rem. Froelich v. Swafford et al., 35 S. D. 35, 150 N. W. 476, 893. Constructive service in such an action satisfies the requirements of due process. See comment note 126 A. L. R. 664. Subsection (4) of the cited section originated as a part of the Revised Code of 1919. With this revision of the law the cited statute, in express terms and without qualification, provides for service by publication in an action to foreclose a lien on real property "where the person on whom the service of the summons * * * is to be made cannot, after due diligence, be found within the state * * *." Understood in their ordinary sense these words embrace residents as well as non-residents. That this plain meaning of the words of the statute accurately reflects the legislative intent is indicated by the fact that other subsections of the statute are expressly limited in their application to nonresidents. Because the legislature saw fit to include in the section a subsection dealing with resident defendants who have absented or concealed themselves with an intent to avoid service does not impel a different construction. That subsection is of more general application. It is suggestive of a legislative intent to com-

prehend constructive service in actions in personam as well as in rem. In re Hendrickson, 40 S. D. 211, 167 N. W. 172. A statute which failed to make provision for constructive service upon a resident defendant who could not, after the exercise of due diligence, be found within the state, irrespective of whether such defendant was intending to avoid service or not, would not adequately provide for the enforcement of liens. That the 1919 revision among other things sought to remedy this defect in our statute we do not doubt.

Similar provisions of their statute have received a like construction by the Supreme Court of Minnesota. Van Rhee v. Dysert, 154 Minn. 32, 191 N. W. 53; Wiik v. Russell, 173 Minn. 580, 218 N. W. 110.

As a result of the foregoing construction, our review of the proceedings leading up to the publication of summons is narrowed to the question of the showing of due diligence. In broad outline the affidavits submitted to the trial court reveal among other things a continuing but not a constant surveillance over the home of the defendants and repeated visits to the place of business of husband defendant for a period of about 50 days immediately after the commencement of the action. Three deputy sheriffs, one of plaintiffs and plaintiffs' attorneys, were intermittently active in the effort to ascertain the whereabouts of defendants. During the investigation plaintiffs consulted the only persons found at the place of residence of the defendants, namely, lodgers, employees at the place of business of one of the defendants, neighbors and other logical sources of information. The persons most closely associated with defendants advised the investigators that defendants were absent and would not return for some time, that they did not know where they were nor when they would return, nor did they know how they could be found or contacted. Plaintiff continued these efforts to obtain personal service until the last few days available to them under the statute of limitations before resorting to constructive service.

■■ The applicable rule has thus been stated: "* * * it is not necessary that all possible or conceivable means should be used to ascertain the whereabouts of a defendant,

still it is necessary that the affidavit for publication should show that all reasonable means have been used to discover the whereabouts of defendant, to the end that he may receive actual notice of the pendency of the suit against him. This is what is meant by the term 'due diligence.'" Grigsby v. Wopschall et al., 25 S. D. 564, 127 N. W. 605, 607, 37 L. R. A., N. S., 206. Whether the plaintiff has exhausted the reasonable means available to him for finding the defendants must be determined by the circumstances of each particular case. A study of the affidavits and of the circumstances has failed to suggest to us any reasonable means which plaintiff failed to employ. It is significant that in answer to a question put at bar counsel was unable to suggest wherein plaintiff failed in diligence and the briefs do not point out any logical source of information which plaintiffs failed to tap. The conclusion is irresistible that plaintiffs exercised due diligence.

■ Under a proceeding in foreclosure of a senior mortgage on other property covered by plaintiffs' junior mortgage, plaintiffs exercised their statutory right of redemption and thereby secured title to property of greater value than the amount they were required to lay out in order to effect the redemption. In accordance with the principles announced in Work et al. v. Braun et al., 19 S. D. 437, 103 N. W. 764, the trial court determined the amount of such excess of value and made application thereof on the mortgage debt. By appropriate assignments defendants have questioned the value the court placed on the redeemed property. We have made a careful study of the testimony and have concluded that the finding of the court is not against a clear preponderance of the evidence. That such a finding must stand is too well settled to require citation of authority.

The remaining contentions of defendants are not deemed to merit discussion. Finding no error in the proceedings of the learned trial court, its judgment and order are affirmed.

All the Judges concur.