**Norma Mae RYKEN et al., Plaintiffs and Appellees,**

**v.**

**The STATE of South Dakota et al., Defendants,**

**and**

**E. W. Boyles, Elloween G. Boyles and Frank Biegelmeier, Defendants and Appellants.**

**No. 13004.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 26, 1980.

Decided May 6, 1981.

John R. Kabeiseman of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for plaintiffs and appellees.

Robert W. Hirsch of Goetz, Hirsch, Haar & Klimisch, Yankton, for defendants and appellants.

HENDERSON, Justice.

## ACTION

This appeal stems from an uncontested quiet title judgment entered in Yankton County. Appellants E. W. Boyles and Elloween G. Boyles (Boyles) appeal from the trial court's order denying Boyles' motion to vacate this judgment in favor of appellees Norma Mae Ryken, John M. Ryken, and Lester L. Ryken (Rykens). Appellant Frank Biegelmeier (Biegelmeier) filed a motion in joinder pursuant to SDCL 21–14–6. The trial court entered an order likewise denying this motion, from which Biegelmeier appeals. We reverse and remand for a determination on the merits of the quiet title action for the reasons outlined below.

## FACTS

On April 28, 1977, Rykens obtained a judgment from the trial court quieting title to certain real property located in Yankton County, South Dakota. Prior to this judgment, Rykens caused a publication of a summons to be made in a Yankton newspaper. Boyles and Biegelmeier were treated as unknown defendants. Rykens contend that they followed this procedure due to their inability to discover any filings or cross-indexings in the applicable public records which reflected any color of title conflicts with respect to the realty in question.

Approximately one year after the quiet title judgment was entered, Boyles filed a motion pursuant to SDCL 15–6–60(b) to vacate the trial court's judgment of April 28, 1977. Said motion was accompanied by affidavits from E. W. Boyles and Robert Johnson, an engineer and land surveyor. Soon thereafter, Biegelmeier also filed an affidavit and moved to join the motion of Boyles. Both Boyles and Biegelmeier stated in their affidavits that the land claimed by Rykens encroaches upon land in which they have an interest. A hearing on these motions was held October 5, 1978, whereat Boyles and Biegelmeier were represented by the same counsel. The issue at this hearing was whether Boyles and/or Biegelmeier were entitled to receive personal service as to the April 1977 quiet title action. After Boyles and Biegelmeier had submitted a joint brief, the trial court denied their motions and ruled that the judgment of April 28, 1977, was valid and binding per court order of October 25, 1979. In its conclusions of law, the trial court stated that a diligent search of the records in the offices of the Yankton County register of deeds, county auditor, and county treasurer could not have produced the names of E. W. Boyles or Elloween G. Boyles as interested property owners. The trial court further concluded that no record of any conflicting property ownership as to Biegelmeier could have been ascertained from the Yankton County register of deeds prior to the initiation of the quiet title action. Boyles and Biegelmeier subsequently filed a joint notice of appeal on December 12, 1979.

## ISSUE

Appellees having proceeded by publication and not by personal service, did the trial court err in denying Boyles' and Biegelmeier's motion to relieve them from the trial court's final judgment of April 28, 1977? We hold that it did.

## DECISION

Boyles and Biegelmeier timely filed a motion pursuant to SDCL 15–6–60(b)(1), (4) and (6) for relief of the trial court's judgment quieting title in the name of Rykens. SDCL 15–6–60(b)(1), (4) and (6) states:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

. . . .

(4) The judgment is void;

. . . .

(6) Any other reason justifying relief from the operation of the judgment.

Boyles and Biegelmeier contend that they were not properly served with process regarding the April 1977 quiet title action; thus, the trial court was acting without proper jurisdiction and its judgment quieting title in favor of Rykens should be rendered void. *Johnson v. Bruflat*, 45 S.D. 200, 186 N.W. 877 (1922). In support of their position, Boyles and Biegelmeier rely on SDCL 21–41–5, which states in pertinent part:

[In a quiet title] action all persons who have or claim to have or who appear of record to have ever had any interest or estate in, claim to, or lien or encumbrance upon the premises described in the summons and complaint or any part thereof . . . may be made defendants by name, if known.

*See also* SDCL 21–41–1. Also relevant is SDCL 15–9–7, which provides:

Where the person on whom the service of the summons, writ, order, or decree is to be made cannot, after due diligence, be found . . . [the] court or judge may grant an order that the service be made by publication.

It is this Court's task to determine whether the trial court's ruling that Boyles and Biegelmeier were not required to receive personal service prior to the April 1977 quiet title judgment was clearly erroneous. SDCL 15–6–52(a). The question, when re-duced to its essence, is whether Rykens exercised due diligence in attempting to discover any recorded interest Boyles and Biegelmeier might have had in the realty involved.

■ The test of the sufficiency of the showing of due diligence is not whether all possible or conceivable means of discovery are used, but rather it must be shown that all reasonable means have been exhausted in an effort to locate interested parties. *Davis v. Kressly*, 78 S.D. 637, 107 N.W.2d 5 (1961). In *Coughran v. Markley*, 15 S.D. 37, 40–41, 87 N.W. 2, 3 (1901), this Court stated:

Judgments which exclude persons from any interest in or lien upon land should not be rendered without actual notice, when by the exercise of reasonable diligence actual notice can be given. There should be either actual notice, or an honest and reasonable effort to give it.

■ In this state, the due diligence standard is applicable to quiet title actions. *Berry v. Howard*, 33 S.D. 447, 146 N.W. 577 (1914); *Grigsby v. Wopschall*, 25 S.D. 564, 127 N.W. 605 (1910). Whether a party has exhausted all reasonable means available for locating interested parties must be determined by the circumstances of each particular case. *Cone v. Ballard*, 68 S.D. 593, 5 N.W.2d 46 (1942).

■ We now turn to the circumstances of this particular case, dealing with each appellant separately. Boyles' interest in the realty stems from a warranty deed from Florence J. Edmunds and Harold E. Edmunds dated October 2, 1969. Filed and recorded with the Yankton County register of deeds on November 4, 1971, this deed conveyed to Boyles:

The South half of Lot five, and all of Lots Six, Seven and Eight, Block forty-two, in that part of the city of Yankton, platted and known as J.W. Glazier's Addition

and

Outlot 22 of County Auditor's Plat of Outlots, in the city of Yankton, as platted in Book G, page 28.

and

All interest grantors may have in all that land south of and adjacent to said Lot eight and Outlot 22 above described, beyond the River Bluff.

Rykens do not deny that this deed was on record at the time of the initiation of the quiet title proceedings. It is argued by Rykens, however, that it was impossible to tell from the record books maintained by the register of deeds whether or not the realty involved in the quiet title action included realty claimed by Boyles. The crux of the dispute stems from the last line of the warranty deed conveyed to Boyles: "All interest grantors may have in all that land south of and adjacent to said Lot eight and Outlot 22 above described, beyond the River Bluff." The realty involved in the quiet title action is located directly south of Lot eight, bordering the Missouri River. This realty is unplatted while the realty conveyed in the deed to Boyles is platted. Upon an inspection of the documents at the register of deeds office, and the discovery of the language in the deed to Boyles, it would be unreasonable not to consider Boyles as interested parties who should have been named as defendants in Rykens' complaint and entitled to personal service. Accordingly, we rule that Rykens did not exercise due diligence in discovering Boyles' interest in the quiet title action. Boyles were entitled to personal service.

Biegelmeier's interest in the realty is based upon a tax deed from Yankton County to Biegelmeier dated July 1, 1954. This deed was not recorded in the Yankton County register of deeds office until approximately nine months after the quiet title judgment was entered on behalf of Rykens. The deed was, however, made a matter of public record in the Yankton County Treasurer's office in July of 1954.

Possession of a tax deed vests in the grantee a fee simple estate in the realty involved. SDCL 10–25–12. Also, when a tax deed is regular on its face and has been of record for twenty-three years, the title

conveyed thereunder is considered marketable. SDCL ch. 43–30, Appendix, Standard 8.2. We believe that an exercise of due diligence on the part of Rykens would have resulted in the discovery of Biegelmeier's interest in the land in question. Consequently, we hold that Biegelmeier was an interested party who should have been named as a defendant and entitled to personal service.

The order of the trial court denying Boyles' motion to vacate and Biegelmeier's joinder motion is reversed, and these proceedings are remanded for a determination on the merits.

WOLLMAN, C. J., and DUNN and FOSHEIM, JJ., concur.

MORGAN, J., dissents.

MORGAN, Justice (dissenting).

I dissent.

The issue of sufficiency of service by publication as opposed to personal service hinges on knowledge by appellees of any claim or appearance on record of any interest or estate in the premises as described in the complaint.* I will deal with the moving parties separately.

As to the motion of appellant Boyles, I do not find the trial court's findings of fact clearly erroneous. The trial court found that the property described in the deed, "all interest the grantors may have in all that land south of and adjacent to said Lot eight and Outlot 22 above described, beyond the river bluff," had never been platted. That description is a nullity. It does not describe a governmental subdivision, nor any specific portion thereof. It is not even a metes and bounds description. There is absolutely nothing for a register of deeds to use to index such a description. A title examiner would have no means of ascertaining if the transfer had been made, short of reviewing every deed in the register. That hardly falls within the "reasonable means" test. The findings clearly support the trial court's conclusion of law "that a diligent

* See SDCL 21–41–1.

search of the records in the office of the Register of Deeds, County Auditor and Yankton County Treasurer's Office [sic] could not have produced the names of E.W. Boyles or Elloween G. Boyles as property owners."

As to the motion of appellant Biegelmeier, we have a different problem. No one argues that the County Deed conveying the property to Biegelmeier was not on record. Therefore, the trial court was right insofar as it found that the Register of Deed's records showed that the property was still in the name of Yankton County, which incidentally was made a party to the action. The trial court erred, however, when it neglected to find that the sale of county-owned tax property was on record in the office of the County Auditor as per SDCL 10–25–29 through 10–25–39, inclusive. The conclusion of law entered on such inadequate finding was therefore unsupported. However, I have a serious problem that was raised by appellants in support of their motion before the trial court, when they included in their record a plat (Boyles Exhibit No. 1) which clearly shows that the land owned by Biegelmeier by virtue of the County Deed is not any part of the premises described in the complaint. The Biegelmeier land lies south of the centerline of an abandoned railroad siding, while the premises in question, at least in that proximity, lies north of that centerline. I do not see where Biegelmeier is prejudiced by the quiet title decision, and I find no standing whatever for him to challenge it.

I would then dispose of the other two issues raised by appellants in this manner. First, the procedural issue of entry of findings of fact and conclusions of law was not raised before the trial court. No motion was made to vacate the findings in order to give the trial court an opportunity to correct any error, if there was one. Second, the suggestion that by taking the evidence it did the trial court impliedly vacated the quiet title judgment is wholly unsupported by the record. At the motion hearing, the transcript repeatedly refers to the only issue being a question of law as to whether the proper parties were served. The trial

court clearly had to take notice of the descriptions of the various parcels claimed by the parties to determine that question. I see no hint of an implied vacation of the judgment.

I would therefore affirm the order of the trial court as to both appellants.

