**UNITED NATIONAL BANK, Viborg, South Dakota, A National Banking Corporation, Plaintiff and Appellee,**

v.

**Jeff SEARLES, Defendant and Appellant.**

**No. 13503.**

Supreme Court of South Dakota.

Considered on Briefs March 25, 1982.

Decided March 23, 1983.

---

Charles D. Gullickson of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellee; Sara Richardson, Davenport, Evans, Hurwitz & Smith, Sioux Falls, on the brief.

Kathleen J. Armstrong of Marmet & Armstrong, Centerville, for defendant and appellant.

HENDERSON, Justice.

### ACTION

Appellee, by its complaint, sought an in personam judgment of $26,461.61, possession of secured personal property, foreclosure of liens, sale of personal property, a deficiency judgment and costs. From a default judgment in the amount of $10,405.86 entered in favor of appellee, appellant motioned to vacate this judgment which mo-

tion was denied. Appellant takes this appeal attacking the jurisdiction of the trial court to enter the deficiency judgment. Finding his appeal meritorious, we reverse and remand.

## FACTS

Appellee, United National Bank, on March 26, 1979, commenced an action against appellant, Jeff Searles, to recover on two defaulted promissory notes and to foreclose the security interests on appellant's truck and backhoe which secured the notes. Appellant's truck was titled in South Dakota, and appellant had stated in one of the security agreements that the backhoe was to be kept in South Dakota. Summons was issued; however, the Turner County Sheriff was unable to find appellant and make service. While attempting to discover appellant's whereabouts, the Sheriff obtained information that appellant had moved to Missouri.

Appellee's attorney thereupon requested service on appellant by publication. As part of appellee's request, an affidavit of the Sheriff was included which set forth that after due diligence, appellant could not be located. On April 16, 1979, the circuit court ordered that service by publication be made and that copies of the summons and complaint be mailed to appellant in care of appellant's father, who resided in South Dakota.

Service by publication began on April 26, 1979, and ran until May 17, 1979. Approximately two weeks within securing an Order For Publication, and at the approximate time of the first publication, appellee discovered appellant's Missouri address. Appellee then repossessed the backhoe and truck in Missouri and thereafter sold them. However, the proceeds did not cover the amount due on the notes. Appellant did not pursue the deficiency judgment request until one year after the sale of this property. Default judgment for the deficiency was entered by the trial court on November 17, 1980. Appellee never pursued its remedies of foreclosure under its complaint.

On the 23rd of February, 1981, appellant specially appeared to vacate the default judgment. A hearing was had on March 23, 1981, and on May 6, 1981, the trial court entered an order denying appellant's motion.

## CONTROLLING ISSUE

Although the parties hereto treat five separate, identical issues in their briefs, there is but one controlling issue. A ruling thereon is dispositive of this appeal. Upon the facts herein, was the default judgment properly entered based upon constructive service of process? We hold that it was not.

## DECISION

This action pertains to the question of whether a defendant domiciled in another state may be subject to the in personam jurisdiction of the State of South Dakota. Essentially, there are two aspects to this question. The first aspect is the out-of-state defendant's amenability to suit. This is a jurisdictional question that deals with the power of a South Dakota court to exercise in personam jurisdiction over an out-of-state defendant. Critical to the resolution of jurisdictional matters is an inquiry into the applicability of South Dakota's long-arm statute, SDCL 15–7–2, and South Dakota's service of process statutes, SDCL ch. 15–9.

The second aspect of this question deals with procedural due process. The focus here is on the manner of service of process. Dispositive of the due process issue is a determination of whether or not the service of process was reasonably calculated under the circumstances to apprise interested parties of the pendency of an action against them. *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914); *Priest v. Las Vegas,* 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751 (1914); *Roller v. Holly,* 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520 (1900); *Ven-*

*tling v. Kraft,* 83 S.D. 465, 466, 161 N.W.2d 29, 29 (1968) (wherein the Court held: "The single question to be decided is whether the asserted personal jurisdiction over the defendant violated the due process clause . . . ."); *Uhlich v. Hilton Mobile Homes,* 80 S.D. 478, 126 N.W.2d 813 (1964).

Appellant, in his brief, admits that he is not challenging the application of South Dakota's long-arm statute. Rather, appellant attacks the service of process and asserts a lack of due process. As such, we shall forego an examination of this state's long-arm statute, and direct our attention to the service of process issue and procedural due process.

■ SDCL 15–9–7[1] provides for constructive service by publication when a defendant cannot be found within South Dakota. Appellant questions the applicability of SDCL 15–9–7 to in personam actions against nonresidents. At the outset, it is to be noted that the use of constructive service for in personam actions is not a per se violation of due process under the Fourteenth Amendment. *Mullane,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. In South Dakota, constructive service by publication on a resident corporation that cannot be located within the State, has long been held to provide in personam jurisdiction. *Straub v. Lyman Land & Inv. Co.,* 31 S.D. 571, 141 N.W. 979 (1913); *see also,* 62 Am.Jur.2d *Process* § 69 (1972); Annot., 126 A.L.R. 1475 (1940).

Additionally, our statutes specifically provide that a nonresident who is involved in an automobile collision in South Dakota is subject to in personam jurisdiction and constructive service of process. SDCL 15–7–6. Likewise, nonresident hunters, SDCL 15–7–13; aircraft operators, SDCL 15–7–9; divorce litigants, SDCL 15–9–8; and absconding debtors, SDCL 15–9–13 are subject to in personam South Dakota jurisdiction and constructive service of process. This is a significant expansion over the language contained in *Cone v. Ballard,* 68 S.D. 593, 5 N.W.2d 46 (1942), which was a *non-in personam* setting.

■ Unfortunately for appellee, appellant does not fit within any of the above-listed categories or the provisions of SDCL 15–9–8 to 15–9–15. Therefore, South Dakota's in personam jurisdiction did not properly attach to appellant and the default judgment is void. Even if appellant did meet the technical service of process criteria, appellee's actions would offend due process safeguards. Appellee discovered appellant's address during the pendency of the service by publication. Armed with the necessary information to obtain personal service of process on appellant in Missouri, appellee chose not to and thereby obtained a default judgment against appellant.

Conduct such as appellee's was addressed cogently in *Schroeder v. City of New York,* 371 U.S. 208, 212–13, 83 S.Ct. 279, 282, 9 L.Ed.2d 255, 259 (1962):

As was emphasized in *Mullane,* the requirement that parties be notified of proceedings affecting their legally protected interests is obviously a vital corollary to one of the most fundamental requisites of due process—the right to be heard. "This right . . . has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." 339 U.S., at 314. . . .

The general rule that emerges from the *Mullane* case is that notice by publication

---

**1.** SDCL 15–9–7 provides:

A summons, writ, order, or decree may be served by publication under the conditions and in the manner provided hereinafter and in §§ 15–9–8 to 15–9–21, inclusive.

Where the person on whom the service of the summons, writ, order, or decree is to be made cannot, after due diligence, be found within the state and that fact appears by affidavit to the satisfaction of the court or a judge thereof, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made or that he is a proper party to an action relating to real or personal property in this state, or to the writ, order, or decree, such court or judge may grant an order that the service be made by publication of the summons in any of the cases described in §§ 15–9–8 to 15–9–15, inclusive.

is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question.

In light of the clear directives from *Mullane* and *Schroeder,* when a party litigant discovers the address of an out-of-state defendant before or during the pendency of service by publication of notice, that party litigant must then attempt to obtain personal service of process to secure in personam jurisdiction over defendant.

As we held in *Ryken v. State,* 305 N.W.2d 393 (S.D.1981), before service by publication under SDCL 15–9–7 may be ordered, the party instituting the litigation must exhaust all reasonable means available in an effort to locate interested parties to the litigation. Clearly, a legally sufficient, due diligent search should have the purpose of generating information. If some of that information is developed and bears fruit only after service by publication has been initiated, party litigants are not free to seek haven under or within the framework of a former state of facts.

Appellee's duty to apprise appellant, the interested party, did not evaporate once it had conducted a search which comported with the "due diligence" standards in light of its discovery as to the actual whereabouts of appellant. Appellee owed a duty to put this additional information to use, rather than restricting its view to hopes of obtaining a default judgment by publication.

Therefore, we reverse and remand the decision of the lower court with directions to vacate the default judgment entered below, appellant to recover costs herein.

Reversed and remanded.

DUNN and MORGAN, JJ., concur.

FOSHEIM, C.J., and WOLLMAN, J., concur in result.

FOSHEIM, Chief Justice, concurring in result.

It appears undisputed that this is an action in personam. Appellant resides in Missouri. Service was had on appellant by publication in a Parker, South Dakota, newspaper. The absence of jurisdiction over the person of appellant did not result from any due process failure, as the majority implies. That question is never reached. The trial court simply lacked jurisdiction because appellant was not served as required by statute. While acknowledging this fact, the majority gratuitously, and at points erroneously, discusses whether the service complied with due process.

My analysis of this issue begins with South Dakota's long-arm statute, SDCL 15–7–2, which appellant admits applies. However, SDCL 15–7–2 must be read in conjunction with SDCL 15–7–3, which states that service on those subject to SDCL 15–7–2 may be made outside South Dakota "in the same manner provided for service within this state[.]"

I part company concerning the type of service within South Dakota which secures jurisdiction over the person. The majority misreads *Straub v. Lyman Land & Investment Co.,* 31 S.D. 571, 141 N.W. 979 (1913), for the proposition that in personam jurisdiction can be obtained via service by publication. Except as hereafter noted, our statutes are clear that jurisdiction over the person can only be obtained by personal service.

Before explaining South Dakota's statutory scheme for service of process conferring jurisdiction of the person, it is necessary to closely examine *Straub.* Straub sued a domestic corporation, alleging breach of contract and praying for damages of $300. The summons and complaint were personally served on the treasurer of the corporation at his residence in Lyon County, Iowa. A default judgment was entered against the corporation. The corporation moved to vacate the judgment for want of jurisdiction. The applicable statute simply allowed service of the officers, director or managing agent of a domestic corporation. The majority finds comfort in *Straub* from the language of an Illinois case quoted therein but which we noted did not provide the basis of our decision. In *Straub* we further noted that the Illinois Supreme Court, interpreting an Illinois statute (al-

lowing service by publication when the domestic corporation has no officer/agent upon whom summons can be served in the county), held that an in personam judgment could be had against a domestic corporation served by publication. The *Straub* court did not hold that such service would comply with South Dakota statutes. On the contrary, *Straub* made clear the court must first see if the statutorily mandated mode of service had been complied with and then determine whether that service accorded the defendant due process.

We think the rule is that, when a citizen of the state is within its territorial jurisdiction, the state may authorize any mode of service reasonably designed and calculated to give him notice of the judicial proceeding impending, and to afford him a reasonable opportunity to defend in its courts, and any *statutory mode* of service which fulfills these requirements affords 'due process of law.' (emphasis added)

*Id.* at 980. *Straub* interpreted our South Dakota statute to allow personal service out of state and that such service afforded defendant due process. *Straub* stressed that its decision was based on the fact that the defendant, because it was a domestic corporation, was "a resident of the state which never was and never can be outside its boundary lines." *Id.* *Straub* was emphatic in stating that "*[t]he case before us, we think, is distinguishable from a case where a natural person, either resident or nonresident, is attempted to be served with process without the boundaries of the state.*" *Id.* at 979. (Emphasis added.)

Service of process within South Dakota is governed by SDCL 15–6–4(d). Subsection (d)(9) of that statute requires that defendants, who are not corporations, minors, incompetents or the State of South Dakota, be served personally. SDCL 15–6–4(f) requires that service of nonresident defendants be "in the manner prescribed by the statute." Hence personal service of individual defendants is the general rule.

An exception to that rule is service by publication. SDCL 15–9–7. As a condition precedent to a valid order for service by publication there must be a proper showing and the court must find that all reasonable means (due diligence) have been used to find the whereabouts of defendant *and* that the action comes under one of the provisions of SDCL 15–9–8 to –21. *Grigsby v. Wopschall,* 25 S.D. 564, 127 N.W. 605 (1910). These statutes permit service by publication in actions in rem, quasi in rem, and certain domestic relations actions. Service by publication is also allowed in an action in personam, but only when a resident defendant has left the state to defraud creditors or avoid process. SDCL 15–9–13. *Cone v. Ballard,* 68 S.D. 593, 5 N.W.2d 46 (1942). In *Cone* we stressed that, except for SDCL 15–9–13, service by publication does not apply to in personam actions. Since none of the statutes allowing service by publication apply to this case, appellee was required to serve appellant personally, via our "long-arm statute" (SDCL 15–7–2),[1] in Missouri because that is the manner provided for service in South Dakota (SDCL 15–7–3). See *Ventling v. Kraft,* 83 S.D. 465, 161 N.W.2d 29 (1968). In the absence of such personal service, the default judgment is void.

I am hereby authorized to state that Justice WOLLMAN joins in this concurrence in result.

---

1. For a brief history of long-arm jurisdiction, see 69 Michigan Law Review 300 (1970).