## WILLIAMS v. HIGHLANDS et al.

Under Code Civ. Proc. § 112, subd. 5, a defendant against whom publication is ordered may be permitted to defend at any time within seven years after judgment and within one year after notice of the judgment. Held that, where on appeal from an order vacating a judgment the record did not show when defendant first acquired notice of the judgment, the ruling of the court would be presumed to be correct, in the absence of a showing of affirmative error by proper assignment.

Under Code Civ. Proc. § 112, subd. 5, providing that a defendant against whom publication is ordered may on good cause shown be permitted to defend after judgment at any time within seven years, what constitutes good cause is largely within the discretion of the trial court.

Code Civ. Proc. § 112, subd. 5, provides that a defendant against whom publication is ordered may on good cause shown be allowed to defend it any time within seven years. An affidavit for publication stated that defendant's residence was unknown, and the order for publication did not require that a copy of the summons, etc.,

be deposited in the post office addressed to defendant. The affidavit made by plaintiff's attorney stated that, so far as he personally knew, defendant could not be found in the county, and that, after due diligence, he could not ascertain the place of his residence. Defendant's affidavit to vacate the judgment showed that at the time the action was commenced he was residing at a certain place in the state in another county, and that a mortgage given by him upon the real estate involved in the action was recorded in the county where the action was brought, which mortgage showed defendant's residence. It also appeared that plaintiff was in the business of making abstracts of title. **Held,** that it was proper to vacate the judgment.

(Opinion filed, January 17, 1912.)

Appeal from Circuit Court, Potter County. Hon. JOSEPH H. BOTTUM, Judge.

Action by Andrew G. Williams against John F. Highlands and others. From an order vacating a judgment for plaintiff, he appeals. Affirmed.

*O'Keefe & Flickinger,* for appellant. *Fisk & Sargent,* for respondents.

McCOY, J. [1] It appears from the record that the defendant John F. Highlands claims to be the owner in fee of a certain quarter section of land in Potter county by reason of having made final proof and acquired title thereto from the United States; and that the plaintiff also claims to be the owner thereof by virtue of certain tax deeds. In 1903 plaintiff, under said tax deeds, instituted an action in the circuit court of said county to determine adverse claims against the defendant Highlands and others, who apparently held some record interest in said land. Plaintiff made service by publication. One Brower, acting as attorney for plaintiff, made the affidavit for publication, and on which publication was ordered and made, and judgment thereafter rendered decreeing plaintiff to be the true owner of said land and barring defendants from any interest therein, and which judgment and decree was rendered and entered on the 8th day of September, 1903. On the 4th day of August, 1909, less than six years after the entry of said judgment, the defendant Highlands, upon affidavit, procured an order in said action requiring the plaintiff to show cause why the said judgment and decree should not be stricken out and

set aside, and defendant be allowed to answer the complaint in said action. Upon the hearing of this order to show cause, the trial court made an order vacating said judgment and decree, and permitting the said defendant to answer. From the granting of such order, the plaintiff appeals, assigning various errors, but all of which assignments may be classified as follows: That the court erred (1) in finding that said judgment was void on the ground that the court never acquired jurisdiction to render such judgment; (2) in not finding that defendant Highlands was estopped by laches from appearing in the action or contesting the same in any manner; (3) that the defendant made a general appearance in the action, and is estopped from questioning the jurisdiction of the court. Under subdivision 5, § 112, Code Civil Procedure, it is provided that the defendant against whom publication is ordered, or his representatives, may in like manner, upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof, and within seven years after its rendition, on such terms as may be just. It will be observed that a defendant is entitled to be allowed to answer under this section of the statute on good cause shown within the time limits therein specified, regardless of whether the affidavit for publication was good or bad, or whether or not the court had acquired jurisdiction. There is nothing in the record in this case to show when this defendant first acquired notice of the entry of said judgment, but, as appellant bases no error on the fact that defendant did not move the court to be permitted to answer within one year after notice of the entry of such judgment, such question cannot be considered by this court on appeal. Neither was this question raised in the court below. The ruling of the trial court is presumed on appeal to be correct until affirmative error is pointed out by proper assignment. The defendant is clearly within the seven-year limit; and as the statute expressly gives him that length of time, after the rendition of judgment, in which to make the application to defend, laches cannot be attributed within that time from any of the circumstances shown in this case. If, after a defendant had notice of the entry of such a judgment, he should stand by and negligently permit some innocent third party

without notice to acquire rights and change his position to his detriment, that might prevent such a defendant from being allowed to come in and defend under this statute on the ground of laches, but there is nothing of that character shown by the record in this case. The application of the defendant Highlands to set aside the judgment and be permitted to answer must be treated as a motion to be permitted to defend for good. cause shown under section 112. He might have moved to vacate the judgment only on the ground that the court had no jurisdiction to render the same, but he has gone further and made a general appearance and asked permission of the court to be permitted to answer and defend in the action, and by his brief still contends for the right to answer.

[2] Section 112 does not specify of what good cause shall consist. What is or is not such good cause is largely within the sound discretion of the trial court.

[3] We are of the opinion that good cause was shown for permitting defendant to answer. It appears that plaintiff as a matter of fact never in any manner gave notice to defendant of the commencement of this action prior to judgment. The affidavit for publication stated that the place of residence of defendant was unknown, and the order for publication did not require that a copy of the summons and complaint be deposited in the post office addressed to defendant. The affidavit for publication was not made by plaintiff himself, but by his attorney, who does not state in the affidavit that he was acquainted with any of the facts concerning the whereabouts of this defendant. The 'sum and substance of his affidavit, so far as he personally knows, is that defendant cannot be found in Potter county, and that, after due diligence, he cannot ascertain the place of defendant's residence. There is nothing in this affidavit concerning the knowledge of any one as to the then whereabouts of this defendant. But for anything appearing in said affidavit this defendant might then have been in Potter county, and the plaintiff have known it, and the attorney who made the affidavit not know the place of his residence. It appears from the affidavit of Highlands that at the time

this suit was commenced and for some nine or ten years prior thereto he was residing near Mt. Vernon, Davidson county, this state, and that a mortgage given by him in 1894 upon the real estate in question was then of record in Potter county, which mortgage and record thereof recited the fact that this defendant was a resident of Davidson county, S. D. The record also shows that at the time this suit was commenced plaintiff was engaged in the business of making abstracts of real estate titles. From these circumstances, it is fair to infer that plaintiff had notice and knew all the time that this defendant resided in Davidson county, and possibly furnishing a reason why the attorney made the affidavit for publication instead of plaintiff himself. The affidavit fails to state whether this attorney made any inquiries of the plaintiff as to the whereabouts of this defendant. If plaintiff knew or had reason to believe this defendant resided in Davidson county, it was his duty to make inquiries of persons in that county who would be likely to know his whereabouts and post office address. The opportunities for fraudulently robbing a defendant of his valuable property rights, by means of service of summons upon him by publication, are such that very strict construction of the legal requirements of affidavits for publication must be adhered to by the courts. The circumstances surrounding the service by publication in this case, although not showing any intentional fraud, are nevertheless sufficient to constitute good and sufficient cause for permitting the defendant to appear and answer under the provisions of section 112.

Finding no error in the record, the order appealed from is affirmed.