SANFORD et al., Appellants, v. POTTER et al, Respondents.

(142 N. W. 469.)

1. **Appeals—Judgment—Vacation of Default Judgment—Judicial Discretion.**

What is good cause for opening a default judgment and permitting a defendant to answer and defend after judgment, is a question very largely of judicial discretion, and reversal of an order opening such judgment should only be had where there has been abuse of discretion.

2. **Judgment—Vacation of Default Judgment—Quieting Title—Statute.**

It is the policy of the law that causes should be tried on the merits; hence, held, that Laws 1905, Ch. 81, Sec. 9, providing that default judgments in actions to determine adverse title to realty may be opened, should be liberally construed to that end.

3. **Default Judgment—Vacation of Default—Showing Made.**

On motion to vacate a default judgment, in an action to determine adverse title to realty, defendants claimed to be equitable owners of certain parcels described in complaint, of which the evidence of title had been lost, they having no means, when suit was brought and for more than a year thereafter, of proving their title, but had discovered the lost evidence prior to the motion; that neither party had any personal knowledge as to the transactions upon which defendants claimed title; that there was doubt as to whether an attorney for defendants had sufficient knowledge to enable them to defend. **Held,** that as the matters alleged in defendants' proposed answer, if true, constituted a meritorious defense, and as want of available evidence of title at time for answering was good excuse for not answering, there was no abuse of discretion in opening the default and permitting defendants to answer.

Polley, J., concurring specially.

(Opinion filed July 11, 1913.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Edward H. Sanford and others against Maria H. Potter and others, to determine adverse title to realty. From an order vacating a default judgment for plaintiffs, and permitting some of the defendants to answer, plaintiffs appeal. Affirmed.

*Boyce, Warren & Fairbank,* and *Edwin R. Winans,* for Appellants.

Hauser knew, or had at hand the means of knowing, the

exact parcels of land in which the Potters were alleged to claim an interest, and the nature of their alleged claim thereto; or, he could at any time have elicited any information he might desire from the attorneys for the plaintiff with whom he was in correspondence and had frequent conversations.

Hauser actually received the summons on August 2d and acknowledged the receipt of the same on August 27, 1910, but did absolutely nothing to obtain the papers from the executor of Lyman Trumbull or to file an answer, or to obtain an extension of time for either purpose.

The affidavits show neither mistake, surprise, inadvertence or excusable neglect.

Loss of papers is not sufficient showing of excusable neglect. Milwaukee etc. Co. v. Jagodzinski, 54 N. W. 102 (Wis.) Advice of counsel; Carlson v. Phinney, 58 N. W. 38 (Minn.) Peterson v. Crosier, 81 Pac. 860 (Utah); Mouser v. Harmon, 29 S. W. 448; Thacker v. Thacker, 25 N. E. 595 (Ind.); McAndrews v. Security State Bank, 127 N. W. 536 (S. D.); Bacon v. Mitchell, 106 N. W. 129, 131 (N. D.); Hicklin v. McClear, 24 Pac. 992.

The grounds alleged, and upon which these defendants seek —and have actually been permitted—to interpose their defense are without precedent or authority. They are

First:    That defendants did not, at the time they were served with process in this action, personally know the exact description of the several parcels of land in which they were alleged to claim some interest.

Second:    That certain papers, alleged to contain material evidence in connection with their defense, had been lost or mislaid.

Respondents' attorneys not only made no effort to obtain an extension of time to answer on account of the loss of papers but they failed to make any sufficient effort to obtain the papers from Trumbull's executor. Knauber v. Watson, 32 Pac. 349; Smith v. Smith, 48 Pac. 730; Johnson v. Brown, 65 S. W. 485; McClain v. Lawson, 25 Ia. 277.

One who seeks to set aside a judgment on the ground of mistake, inadvertence or excusable neglect must show conclusively that he has used reasonable diligence; he must not be guilty of laches or negligence; and he must have used every means he

possessed to prevent the evil complained of. Lanfear v. Mestier, 89 Am. Dec. 658; Kemp v. Cook, 79 Am. Dec. 681. Ordinary diligence; Montgomery v. Murphy, 81 Am. Dec. 652. After knowledge that judgment exists; Dorsey v. Kyle, 96 Am. Dec. 617; Bazal v. St. Stanislaus Church, 132 N. W. 212 (N. D.); Boland v. All Persons, etc., 117 Pac. 547 (Cal.); Parks v. Coyne, 137 S. W. 335; Mutual Reserve Life Insurance Co. v. Ross, 86 N. E. 506; Manry v. Twitty, 645 S. E. 273; Colter v. Luke, 108 S. W. 608.

A judgment can never be vacated on the ground of mistake, inadvertence or excusable neglect where the moving papers themselves show negligence on the part of the defendants, as in this case. Coleman v. Rankin, 37 Cal. 247; Chase v. Swain, 9 Cal. 130-6.

Nor can such relief be granted where the undisputed statements contained in the counter affidavits show actual notice and knowledge on the part of the defendants or their authorized agents or attorneys. Dunlap v. Denison, 83 Kan. 757, 112 Pac. 598; De Laittre v. Chase, 128 N. W. 670 (Minn.) Fildew v. Milner, 109 Pac. 1092; Garrett Biblical Institute v. Minard, 100 Pac. 55.

The facts set forth in respondents' affidavits have been found to be true by the trial court, and stand as its findings of fact in this action. Swilling et al. v. Cottonwood Land Co., (Mont.) 119 Pac. 1102; Williams v. Highland, (S. D.) 134 N. W. 58; Rosebud Lumber Co. v. Serr, (S. D.) 117 N. W. 1042; Bond v. Korma-Ajax Mining Co., (Cal.) 115 Pac. 254; Griswold Linseed Oil Co. v. Lee, (S. D.) 47 N. W. 955; Citizens' Nat'l. Bank v. Brandon, (N. D.) 126 N. W. 102; Sub-div. 5, Sec. 112, Code Civ. Proc. South Dakota; Sec. 9, Ch. 81, Laws of 1905, South Dakota; Buckham v. Hoover, (S. D.) 101 N. W. 28.

Loss of papers is good and sufficient reason for opening default. Trustees, etc., v. Merriam, (N.Y.) 59 Howard's Practice 226 Heathcote v. Haskins, (Iowa) 38 N. W. 419; Ahl v. Ahl (Md.) 18 Atl. Rep. 959; Guild v. Phillips, 44 Fed. Rep. 461; City of St. Louis v. Thomas, 102 Ill. 457.

McCOY, J. From the record it appears that default judgment for plaintiffs was entered on the 21st day of September, 1910, against certain defendants, among whom were these respondents. The complaint was a sort of "blanket" affair, alleging

that some 300 defendants had some adverse title or interest in some 86 quarter sections of land, therein described, claimed to be owned by plaintiffs, but without designating in what particular parcels of land any one or more defendants had or claimed an interest, or without identifying any particular parcel of real estate as being claimed by any particular defendant.   There was constructive service of process by publication and the mailing of copies of summons and complaint to each of respondents at their respective places of residence outside the state.   These four respondents, within two years after the entry of said default judgment, on September 14, 1912, moved the court to vacate the said default as against them, and to permit them to answer in the action.   From the order granting such motion plaintiffs appeal.   The only question to be determined is whether or not the showing of alleged good cause or excusable neglect was sufficient to authorize the court to grant such motion.

[1] What is good cause for opening a default and permitting a defendant to answer and defend after judgment is a question very largely of judicial discretion, and a reversal of the order opening such judgment should only be had where there has been an abuse of such discretion.   3 Wait's Prac. 667; Williams v. Highlands, 28 S. D. 497, 134 N. W. 58; Griswold Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761.

[2] In actions to determine adverse title to real estate default judgments may be opened under the provisions of section 9, c. 81, Laws of 1905.   It is the policy of the law that causes should be tried upon the merits, and the provisions of this law should be liberally construed to that end.

[3] The affidavits and other papers used upon the showing were quite voluminous, and it will serve no useful purpose to set the same out fully herein.   Respondents claim to be the equitable owners of four certain parcels of land described in plaintiffs' complaint, and that for many years the evidences of their title had been lost, and that at the time this action was instituted, and for more han a year thereafter, they had no possible means of identifying or proving title to said parcels of land, and were not in a position to effectually make answer to said complaint, but that prior to the making of said motion to vacate said judgment they discovered the lost proofs.   It appears that neither plaintiffs nor

respondents have any personal knowledge as to the transaction upon which respondents claim title to said lands. There is some conflict, however, as to whether or not one J. H. Hauser, an attorney for respondents, had knowledge or information concerning the identity and proof sufficient to enable respondents to defend before the time for answer expired. There is some showing made by plaintiffs tending to show that said Houser had such knowledge and information, but it appears that said Hauser died in June, 1911, and respondents upon oath state that they had no such knowledge until the discovery of certain assignments of mortgages and notes. If the matters alleged in respondents' proposed answer are true, they have a good and meritorious defense, and if they had no such available evidence of their title, at a time when they should have answered, it was good cause or excuse for not then answering. In view of the uncertainty as to what said Hauser really knew concerning said transaction, we are of the opinion that the learned trial court did not abuse his discretion in opening said default and permitting the respondents to defend.

The order appealed from is affirmed.

POLLEY, J. (concurring specially). While it may not have been a positive abuse of discretion by the trial court in setting aside the default and permitting the respondents to answer, I think the court did go to the very extreme limit, and further, in my judgment, than was warranted by the showing made. I am satisfied that respondents received copies of both summons and complaint, at the commencement of the action. This made it their duty to enter an appearance in the case. The fact that they did not have all of their evidence at hand may have furnished the ground for a continuance of the cause or a postponement of the trial, but not for a failure to enter an appearance of any kind. I believe, from the showing made, that J. H. Houser, the attorney for respondents, had sufficient data to have enabled him to answer. It is true he died in June, 1911, but this was not until 11 months after the service of the summons and complaint. It looks to me as though the respondents, in possession of all the facts, abandoned the idea of interposing a defense, and then, afterwards, on reconsideration of the matter, decided to answer.

I believe, if the order appealed from is to be affirmed, that

the affirmance ought to be put upon the ground that the matter of setting aside a default is one that rests wholly in the discretion of the trial court, and will not be reviewed by this court unless such order was the result of fraud, misapprehension, or lack of jurisdiction.

GATES, J. I concur in the views expressed by POLLEY, J.